JOHN G. CHAMBERS Administrator of John Brigman v. G. F. PEN-
LAND and others.

*Practice—Summary Judgment--Parties--Infant Defendants--Irreg-
ularities in Special Proceeding--Remedy Against Improper
Judgment.*

1. Under Rev. Code, ch. 31, § 129, a summary judgment can be ren-
dered in the Probate Court against the purchaser and his sureties on
a note executed to secure the purchase money for land sold by an
administrator for assets.
2. The general guardian of infant defendants is the proper person upon
whom service of process against such infants should be made.
3. Irregularities in the preliminary proceedings in an action to sell
land for assets are cured by the parties defendant coming in upon
notice after a sale and consenting to its confirmation.
4. The remedy of a defendant aggrieved by a judgment is not by in-
junction, but by an application to the Court wherein the judgment
was rendered for relief.

(*Mauney* v. *Pemberton,* 75 N. C. 219, cited and approved.)

MOTION for an Injunction heard at Fall Term, 1877, of
BUNCOMBE Superior Court, before *Schenck, J.*

On the 13th day of July, 1869, the plaintiff as adminis-
trator of John Brigman, filed his petition in the Probate
Court of Buncombe County, against the heirs at law of the
intestate for license to sell for assets certain lands which
had descended to them. All the defendants except Kelsy
Brigman, who was then a non-resident, accepted service of
the summons, and it was duly returned to Court. Of the
defendants, six were infants of the respective ages of 20, 18,
16, 14, 12 and 10 years, and service for them was accepted
by Joel Brigman their guardian.

No answers were filed, and a decree was made authorizing
and directing a sale, by virtue of which among others a cer-
tain tract was bought by one A. Bradley, who gave bond

with the defendant G. F. Penland as surety for the purchase money.

The debt was not paid, and both obligors having become insolvent, the plaintiff applied for and obtained an order to resell the land. The land was again sold on March the 6th, 1876, and the said G. F. Penland became the purchaser at the price of $1252, and for equal moieties thereof, gave two notes with the other defendants as sureties, payable at 6 and 12 months from that date.

But one of these notes was paid, and after due notice, on. the 10th day of May, 1877, before the Probate Judge, motion was made for a summary judgment against the defendants on the remaining note. The defendants resisted the motion on the ground that the mode of proceeding was not authorized by law.

The objection was overruled, and judgment rendered for the plaintiff, which on appeal to the Judge was affirmed, and thereupon execution issued for the debt.

On the 27th day of August, following, the Judge assigned to hold the Superior Courts of the District, on application of the defendants, directed notice to be given to the plaintiff to show cause before him why an injunction should not issue to prevent the enforcement of the execution, upon the ground that Kelsy Brigman and the infant heirs of the intestate, John Brigman, were not parties to the action, and not bound by the decree of sale, and meanwhile granted a restraining order which was served with the notice on the plaintiff.

On the hearing of the motion for the injunction, affidavits were filed by the plaintiff, from which it appeared that the said Kelsy Brigman had also accepted service of a summons issued in the original action, which had been returned, but was not now to be found among the papers, and he at the same time waived all irregularities, and assented to becoming a party defendant.

The further hearing of the motion was postponed, and meanwhile on the plaintiff's application the Probate Judge caused notice to issue to the guardian, and to the other defendants, requiring them to show cause before him on the 11th day of September, why the sale heretofore made by the plaintiff should not be confirmed. The service of the notice was accepted by the parties, and the guardian filed an answer for the infants consenting to the confirmation, and also obtained leave to file and did file an answer to the petition, as of the return day of the summons. When the hearing of the motion for the injunction was resumed, this further action of the Probate Court in the premises was brought to the attention of the Judge, who held that the alleged irregularities and defects had been remedied, denied the defendants' motion, and vacated the restraining order. From this judgment the defendants appealed.

*Mr. J. H. Merrimon,* for plaintiff.
No counsel for defendants.

SMITH, C. J. (After stating the case as above.) We are of opinion that the injunction was properly refused.

The summary mode of proceedings adopted to enforce payment of the debt is authorized by law, under an express adjudication in this Court. Rev. Code ch. 31 § 129; *Mauney* v. *Pemberton* 75 N. C. 219.

The general guardian is the proper person on whom process against infant defendants should be served, and it is his duty to protect their interest in the suit. Bat. Rev. C. C. P. § 59.

If there were such irregularities in the preliminary proceedings as to impair the title to the land derived under the plaintiff's sale, they are corrected and cured by the subsequent action in the Probate Court. But were it otherwise, the obvious and appropriate remedy was open to the pur-

chaser by process issuing from the Probate Court to call upon those who were not properly made parties to come in and confirm or repudiate the sale, and it was his duty to resort to this course before asking to have the contract annulled, and himself freed from its obligation. Unless this remedy was unavailable, he was not entitled to relief by injunction. In this connection we desire to advert to a practice which has become quite common, and is entirely at variance with the provisions of the Code. We refer to the practice of seeking relief from a judgment by an injunction, addressed to the plaintiff, issued in a new independent action, and sometimes from a different jurisdiction.

As a provisional remedy, injunctions are granted in furtherance of a claim or right which the plaintiff asserts in an action. C. C. P. § § 188, 196.

While the action is pending, relief can be obtained by a defendant aggrieved by a judgment, by his applying to the Court wherein it was rendered for a modification, and meanwhile for a supersedeas, or other order arresting proceedings, until the application can be heard. He is not allowed to seek redress from the action of one Court, through the conflicting and repugnant action of another Court, or in a different and distinct proceeding in the same Court.

Nor is it proper for one Court, or the same Court in another action, by a personal order directed to the plaintiff, to deprive him of those advantages and rights to which it has been adjudged he is entitled, while such judgment remains in force.

In our case the Probate Court was the appropriate and only place in which the defendant could obtain redress, and its power was ample for the purpose. The Judge to whom application for the injunction was made was without jurisdiction in the premises, unless the matter came before him

on appeal. The defendants' motion was properly refused. There is no error and the judgment is affirmed.

No error.

PER CURIAM.                    Judgment affirmed.