THOMAS JONES, Adm'r, and others v. A. M. F. CAMERON and another.

*Injunction—Proceeding for Partition—Infant Parties.*

The affidavit upon which an injunction was asked alleged in substance that one J. T. died leaving several children, and that, upon partition of his land in 1864, the share of his daughter E. was charged with $2,114.25 for equality of division, payable to E. J., another daughter; that several payments in reduction of said charge were made to said E. J. who afterwards became insolvent; that in 1877, after the death of E., it was adjudged in said cause that the share of E. be sold for the balance due E. J.; that said E. left surviving her a husband and an infant son, now parties defendant; that a proceeding had been pending for six years in the probate court in which the administrator of J. T. sought to sell his land for assets; *Held,*

(1) That as to the payments in reduction of the charge, it appearing that they were made before the rendition of the judgment, the defendants had a day in court to avail themselves of them, and failing

to do so, they were not entitled to injunctive relief against the consequences of their own laches.

(2) That the law (Bat. Rev., ch. 84, § 9) which provides that when the share of an infant party to partition proceedings is charged with any sum for equality of division, the same shall not be payable until such minor arrives at majority, has no application to the facts of this case, as the dividend charged did not fall to the infant defendant, but to his mother, and he took as her heir.

(3) That with reference to the apprehended danger from the proceedings to sell for assets, it should be made to appear that proceedings so long pending without decisive action were *bona fide*, and that the land would probably have to be sold, before an injunction would be authorized.

(*Chambers* v. *Penland*, 78 N. C., 53 ; *Jarman* v. *Saunders*, 64 N. C., 367, cited and approved.)

MOTION for an Injunction heard at Chambers in Kinston on the 28th of October, 1878, before *McKoy, J.*

The action in which this motion was made is pending in GREENE superior court. The facts are stated in the opinion. The motion was granted restraining the plaintiffs from selling the lands mentioned in the pleadings, and from this judgment the plaintiffs appealed.

*Mr. H. F. Grainger,* for plaintiffs :

To entitle the defendants to the injunction, it must clearly appear they could not avail themselves at law of the equities relied on, or that they were prevented from using them by accident, mistake, or fraud of the adverse party, unmixed with laches on their part. High on Injunctions, §§ 86 and 97. There has been a trial at law, and equity will not interfere with the judgment, except for matter not known to the party while the court of law had the case in its power. *Houston* v. *Smith*, 6 Ire. Eq., 264; *Powell* v. *Watson, Ibid.,* 94; *Wilder* v. *Lee*, 64 N. C., 50. Charges for equality of partition should be enforced by proceedings *in rem* against the owner

of the more valuable share of the land, and not by personal judgment. *Waring* v. *Wadsworth,* 80 N. C., 345.

No counsel in this court for defendants.

DILLARD, J. At the death of John Turnage, he left a number of children, and in 1864 partition was made of his lands, and the share assigned to Eliza, one of his daughters, who intermarried with A. M. F. Cameron, was charged with $2,114.25, to be paid to Elizabeth, another daughter, wife of Aligood Jones, for equality of partition. Eliza, the owner of the share charged, died leaving John Cameron her only heir and her husband A. M. F. Cameron, her surviving.

The sum charged on Eliza's share not having been paid, this action was brought to spring term, 1875, against the defendants, the husband and heir of Eliza, to enforce the charge, and have the money raised out of the lands assigned to Eliza; and it was so proceeded in, that at spring term, 1877, the scaled value of the sum charged was fixed at $500, and it was adjudged that the share of land assigned to Eliza be sold for its payment, and a commissioner for that purpose was appointed.

Afterwards, when the commissioner appointed to sell the land had advertised and was about to sell, the defendant applied to His Honor, Judge McKoy, by motion in the cause supported by affidavits for an injunction to restrain the sale, and on the hearing, after rule to show cause on the plaintiffs, the injunction was granted as prayed for, and from this order the appeal is taken.

Upon consideration of the grounds on which the injunction was asked, and the matters alleged and proved by the affidavits used before His Honor, and sent up with the case of appeal, we are of opinion, that the defendants were not entitled to the injunction, and that the order granting the same was improvidently awarded.

It is settled that a cause is pending until the judgment is fully executed, and while it is so pending, a defendant aggrieved thereby may obtain the relief he may be entitled to against the judgment on application to the court in which it exists by a motion in the cause, and generally the court will grant a *supersedeas* or other order arresting proceedings until the matter of grievance can be heard. *Chambers* v. *Penland,* 78 N. C., 53, and C. C. P., §§ 188 to 196.

But it does not follow as a matter of course to arrest the execution of a judgment establishing *prima facie* the right of the adverse party, merely because it is asked, but it is necessary that the party asking a modification of the judgment, or other relief against it, shall allege facts legally sufficient to constitute the right and make such proof as to afford probable cause to believe that the party will be able to establish his right to the relief asked, at the hearing. High on Injunctions, §§ 4, 44 and 261; *Jarman* v. *Saunders,* 64 N. C., 367.

In this case the injunction is asked on several grounds, 1st, for that several sums had been paid on the sum charged on the share of Eliza, in whose right the defendants claim, for which they claim to be entitled to a credit; 2nd, for that the defendant John Cameron is an infant, and that by express provision of the statute, Bat. Rev., ch. 84, § 9, the right to enforce the lien is postponed in the case of infants until their majority; 3rd, for that a petition is pending, and has been for six years, in the name of the administrator of John Turnage, to sell the lands partitioned for the payment of debts, and that a sale pending that petition will be attended with a sacrifice of the property and irreparable loss to the defendants, as Elizabeth Jones, to whom payments have been made, is insolvent and unable voluntarily, or by compulsion, to re-pay the sums paid in part of the charge.

Considering the grounds alleged on the affidavits of defendants' claim, without regard to the counter affidavits on

the part of the plaintiffs, the defendants were not entitled, as it seems to us, under the principles above enunciated regulating relief against judgment, to the order of injunction granted by His Honor.

As to the payments made for which credit is asked, it appears, giving full credit to the affidavit of defendants, they were all made before the rendition of the judgment at spring term, 1877, and that defendants had a day in court to avail of them and failed to make claim, without any sufficient excuse for the failure. And in such case of laches, the rule is not to interrupt or arrest proceedings for the enforcement of the judgment. High on Injunctions, § 97.

As to the ground of interference alleged, in that, the defendant John Cameron is an infant and no execution may be issued for the sum charged until his full age, (as per Bat. Rev., ch. 84, § 9,) the answer is, that the dividend charged did not fall to him, but to his mother at the partition in 1863, among the heirs of John Turnage, and from her it descended to him as her only heir, and therefore the restriction claimed in the terms of the act did not extend to defendant John Cameron who takes as heir to his mother Eliza, and not as heir to John Turnage.

As to the ground to arrest the sale under the judgment claimed to consist in the fact of the pendency of a petition in the probate court by the administrator of John Turnage for license to sell the lands descended and heretofore parcelled out among the heirs, and in irreparable damage consequent on a sale of the land pending that petition; it appears as a fact from defendants' affidavit, that partition was made in 1863, fifteen or sixteen years ago, and that the petition for license to sell has been pending in the probate court for six years or more. The defendants, one the husband and interested as tenant by the courtesy, and the other a son and heir to Eliza Cameron, who was an heir to John Turnage, are to be taken as standing in such relation to the

estate in which they are interested, as to know whether there was any or no personal assets, whether any and what the amount of debts unpaid, what the prospect of a decree of sale in the probate court, and for what amount, and wherefore the delay to sell and pay the debts ever since the death of Turnage in 1863, and specially the delay to speed the pending petition for license now pending and which has been standing for the last six years in the probate court.

In these respects it was incumbent on defendants in their affidavits to give information. The great length of time elapsed since the death of Turnage, and the delay to procure a license to sell the land and pay the debts, is so much out of the usual course of administration as to create a suspicion that no creditors are in existence, and that the petition to sell is not begun and proceeded with in good faith ; and it seems to us the defendants were not entitled to have had any more favorable view taken by His Honor of their application for the injunction.

In the opinion of this court therefore, the defendants upon the case made by their affidavits were not entitled to any injunction ; or if so entitled, not an injunction by motion in the cause made to depend on the prosecution of the petition to sell for assets pending in the probate court, over which the superior court had no control, and which might be allowed to hang for a long time.

There is error. The judgment of the superior court granting the injunction is reversed and this will be certified.

Error.                                        Reversed.