H. O. PARKER, Administrator, v. M. A. BLEDSOE and others.

*Injunction.*

An injunction to restrain plaintiff from executing his judgment against defendant, will not be granted. The proper remedy to remove an alleged grievance is an application to modify the terms of the judgment, and an order suspending proceedings thereunder.

(*Greenlee* v. *McDowell*, 4 Ired. Eq., 481; *Chambers* v. *Penland*, 78 N. C., 53; *Mabry* v. *Erwin, Ib.* 45 ; *Askew* v. *Capeheart*, 79 N. C., 17, cited and approved.)

MOTION for an injunction heard at Fall Term, 1882, of WAKE Superior Court, before *McKoy, J.*

The action is to recover the amount due on a promissory note which the complaint states to have been executed on November 1st, 1874, by the defendants to the intestate of the plaintiff in the sum of $1,244.72 bearing interest from date, and that no part thereof has been paid. The defendants in separate answers admit both allegations, and as a defence say that one George W. Phillips, as principal, and the defendant Moses A. Bledsoe, as surety, on March 3rd, 1866, made their note to the intestate in the sum of $799 20 payable in specie or its equivalent, on which the latter in August 7th, 1869, paid to the intestate $300.

The 4th clause of the answer declares " that the amount demanded by the plaintiff over and above said $799.20 after allowing defendant credit for three hundred dollars as aforesaid, is interest, except $105 thereof," and proceeds to say that successive drafts were afterwards given for the debt by the defendant, Moses A. Bledsoe, part of the accumulating interest, which is alleged to be usurious, being paid by him, and the residue with the remaining principal merged in the note described in the complaint. Replication being put in by the plaintiff at spring term, 1881, held in February, an

order of reference under the Code was made, and the following judgment rendered :

This cause coming on to be heard, and it appearing from the answer of the defendants that they are justly due the plaintiff herein the sum of four hundred and ninety-nine and $\frac{20}{100}$ dollars with interest from November 1st, 1874, at 6 per cent. per annum, and it appearing from the answers of the defendants that an account is necessary, and that a full adjustment cannot now be had of the matter on account of the need of a reference : it is upon motion of plaintiff's attorney adjudged that the plaintiff recover of the defendants the sum of four hundred and ninety-nine and $\frac{20}{100}$ dollars with interest thereon from the 1st day of November, 1874, with interest at 6 per cent. per annum, the same being the amount admitted to be due by the defendants; the action as to the residue of the claim is retained for further hearing without prejudice to balance of the plaintiff's claim.

On March 25th, 1882, execution issued on the judgment, whereupon application for an injunction was made to the judge presiding at June term following, supported by the affidavit of the defendant, W. H. Bledsoe. An order to show cause on a designated day why the motion should not be allowed was granted by the judge, and meanwhile the plaintiff restrained from proceeding to enforce his execution.

Upon the hearing of the opposing affidavits of parties before His Honor, Judge McKoy, on September 2nd, 1882, the injunction asked for was denied, the restraining order vacated, and from this ruling the defendants appealed.

*Messrs. Pace & Holding*, for plaintiff.
*Mr. Armstead Jones*, for defendants.

SMITH, C. J., after stating the above.    The answer clearly admits to be due of principal money upon the original

merged in the note sued for, at least the sum of $499.20, the residue after applying the alleged payment, and this judgment seems to be warranted by the express provision of the Code. § 215 par. 5. The reference must be construed as confined to what is still claimed by the plaintiff and contested by the defendants, the order therefor and the judgment rendered being the action of the court at the same term.

If there be any cause of complaint, the defendants' remedy should have been sought in an application to the judge for such modification of the terms of the judgment as would remove the grievance, or for an order suspending proceedings under it to enforce payment of the sum adjudged to be due. It is entirely irregular under our present system to seek relief in a personal injunction against the plaintiff and restrain him from the advantages of a judgment unreformed, where it can and ought to be obtained, if proper in itself, by an order in the cause.

As the superior courts now possess and exercise the hitherto divided jurisdiction conferred upon courts of law and courts of equity, the proposition of the defendants is that the same court shall restrain a suitor from pursuing the very remedies it has given him, and in the language of Judge NASH, an application to a court of equity to restrain its own proceedings is a novelty ; and he adds, the court is called on " to pronounce that to be iniquitous and wrong, which it has already declared to be right and proper," yet " the court can, and, upon a proper case made, supported by affidavit, will withdraw the process itself or stay an execution by granting a *supersedeas.*" *Greenlee* v. *McDowell,* 4 Ire. Eq., 481.

So this court said in *Chambers* v. *Penland,* 78 N. C., 53, " while the action is pending, relief can be obtained by a defendant aggrieved by a judgment by his applying to the court wherein it was rendered for a modification, and mean-

while for a *supersedeas* or other order arresting proceedings, until the application can be heard."

But if the application had been made to set aside or reform the judgment under section 133 of the Code, or for irregularity, we see no ground on which the motion could be allowed. More than a year had elapsed from the rendition of the judgment, (*Mabry* v. *Erwin*, 78 N. C., 45; *Askew* v. *Capehart*, 79 N. C., 17,) and no irregularity is imputed in entering it up.

But we are confined as a reviewing court to pass upon the ruling which annuls the temporary restraining order and refuses the injunction, and there is no error therein. The judgment is affirmed, and this will be certified.

No error.                                                     Affirmed.