## S. GRANT v. M. MOORE.

### *Injunction.*

An injunction will not be granted where the matter is involved in another pending suit between the same parties, in which relief can be there had. A party in such case is not allowed to seek redress from the action of one court through the conflicting action of another court, or in a different and distinct proceeding in the same court.

(*Murrill* v. *Murrill,* and cases cited, 84 N. C., 182; *Chambers* v. *Penland,* 78 N. C., 53; *Parker* v. *Bledsoe,* 87 N. C., 221, cited and approved).

MOTION for injunction, in an action pending in DUPLIN Superior Court, heard at Chambers in Clinton on the 22d of January, 1883, before *McKoy, J.*

The defendant in this action, as plaintiff in another, prosecuted against the present plaintiff, who is the defendant in that, at a special term of Duplin superior court held in 1882, recovered judgment for the possession of the land in dispute between them, and for his costs of suit with a stay of execution for ninety days, during which certain referees named should pass upon the value of rents, ascertain payments made, and the residue of the purchase money due upon a contract, and run a divisional line, unnecessary to be stated with greater particularity, in order to a full adjustment of unsettled matters connected with said contract. This judgment was rendered under a consent to submit the controversy to the presiding judge, who was " to render such judgment as he shall deem proper."

The referees failed to act within the limited time, and execution was thereafter sued out by the defendant, Moore, and placed in the sheriff's hands, to restrain whose proceeding under it, the present action is commenced by the plaintiff and a preliminary injunction asked.

Numerous affidavits were introduced and read at the hearing of the application, for and in opposition to it, the relief being demanded on the ground that the plaintiff was in no default for

the inaction and delay of the referees, which were wholly attributable to themselves.

His Honor upon argument before him on January 22d, 1883, declined to grant the injunction, "for the reason that the plaintiff has a remedy for the matters of which he complains, by a motion in the original cause." From this ruling the plaintiff appeals.

Mr. H. R. Kornegay, for plaintiff.
Messrs. Allen & Isler and O. H. Allen, for defendants.

SMITH, C. J., after stating the case. The action of the court in refusing to entertain the application for an interference with the proceedings in another pending suit between the same parties, with reversed relations, when full relief can be there had, is fully sustained by the cases cited in the argument for the appellee, and the settled practice, we had hoped, was well understood. The references are Council v. Rivers, 65 N. C., 54; Faison v. McIlwaine, 75 N. C., 312; Chambers v. Penland, 78 N. C., 53; Lord v. Beard, 79 N. C., 55; Murrill v. Murrill, 84 N. C., 182; Parker v. Bledsoe, 87 N. C., 221. We recall what was said in Chambers v. Penland, and reaffirmed in slightly variant language in Parker v. Bledsoe.

"While the action is pending, relief can be obtained by a defendant, aggrieved by a judgment, by his applying to the court wherein it was rendered for a modification, and meanwhile for a supersedeas or other order, arresting proceedings until the application can be heard. He is not allowed to seek redress from the action of one court through the conflicting and repugnant action of another court, or in a different and distinct proceeding in the same court."

Under our former system redress against an inequitable judgment or an unconscientious use of it, was afforded by a personal mandate addressed to the party, restraining and controlling his conduct, but not by a direct interposition in the cause. Now the

correction is sought in a modification of the judgment itself, and in instructions put upon the issuing of process to enforce it, the injunction or restraining order operating only as a suspension of action until the application can be heard. The judgment is affirmed and this will be certified.

No error.                                                    Affirmed.