M. MOORE v. S. GRANT.

*Consent Judgment—Res Adjudicata.*

1. A judgment by consent cannot be set aside by one of the consenting parties when an execution issued thereon has been satisfied.
2. After a motion to recall an execution and set aside a judgment has been once heard and refused upon full evidence, it becomes *res adjudicata.*
3. Where a consent judgment was entered which provided that a writ of possession for certain land was to issue, unless before a specified day referees appointed in the judgment shall ascertain the amount of purchase money due and allot to the defendant the land purchased by him, if the referees fail to act, the remedy is by a motion to modify the judgment by extending the time in which they may act, and not by a motion to set aside the judgment.

This was a motion to recall an execution and set aside a judgment, heard before *Shepherd, Judge,* at Spring Term, 1884, of DUPLIN Superior Court.

His Honor refused the motion, and the defendant appealed.

The facts appear in the opinion.

*Messrs. Faircloth & Allen* for the plaintiff.
*Messrs. H. F. Kornegay* and *G. V. Strong* for the defendant.

SMITH, C. J.   The subject matter of this controversy was before us, with a reversal of parties, at February Term, 1883, *Grant v. Moore,* 88 N. C., 77, upon the application of the defendant Grant for an injunction to restrain the plaintiff from enforcing his writ of possession then in the sheriff's hands.   The order for an injunction was refused, upon the ground that the original action was depending, and the remedy, if any, must be sought by a motion in the cause and not in an independent suit. The cause is now brought up from a refusal of the judge to set aside the judgment and execution, and restore the parties to the condition occupied previous to the rendition of the judgment, or to afford the defendant opportunity to have the reference provided for therein still acted on.

The judgment was entered by consent of parties that it should be such "*as he* (the Judge) *should deem proper*," at a Special Term held in July, 1882, in form as follows:

"It is adjudged that the plaintiff recover against the defendant the possession of the premises in the pleadings described, and against him and his surety the sum of sixty dollars and the costs of this action; the execution upon this judgment to be stayed for ninety days from the adjournment of the court, and subject to these additional orders:

"(1) It is referred to T. B. Pierce and A. G. Mosely and to an umpire of their choice, if they disagree, to ascertain the amount at which the defendant Grant purchased the hundred acres from the plaintiff; calculate the interest from the day of purchase, giving credit for the two hundred dollar bonds purchased by Grant from Parker, and all payments since made by Grant, whether to Moore in principal or interest, in any judgment for rent.

"(2) That they ascertain the value of the rent of the land cultivated by defendant, lying outside the lines of the lands contracted to be bought by him up to the day of reference; that they fix upon a line of said tract, allotting to Grant two-fifths of the tract, including the dwelling-house and curtilage, with two-fifths in value of the cleared land and of the wood-land; that upon the payment in money of the sum so found to be due on the purchase, and the rent outside the land purchased (no rent being due on that), then the plaintiff is to execute to said Grant, or to his assigns, a deed for an absolute estate in the lands set apart; and only the costs in the action are to be collected, and no writ of possession is to issue.

"But if the defendant Grant fails or refuses to pay such award by said referees before the ninety days expire, then a writ of possession and execution shall issue upon the judgment herein first declared."

During this interval the referees failed to act, though both were present in court when the appointments were made and gave their consent.

And thereupon, on December 11th of the same year, the plaintiff sued out his writ of possession. While it was in the sheriff's hands, a temporary restraining order arresting its immediate execution, on the 22d day of the next month, a motion was made before the judge to set aside the writ, on the hearing of which, with affidavits used on both sides, it was refused and no appeal therefrom taken. After this judgment the writ was executed, the defendant removed and the plaintiff put in possession of the premises.

Subsequently, one of the referees went upon the land, the other refusing to co-operate, and undertook to perform the duties imposed upon both, making the survey and allotment, and ascertaining the unpaid residue due from the defendant. This sum was tendered to the plaintiff, and, being refused, was deposited in the clerk's office, where it remained when the application, now under review, was made for setting aside the original judgment and writ of possession. The denial of the motion, for the reasons assigned by the judge, that the judgment was entered by consent and the execution had fulfilled its office, to which may be added, a similar motion as to the execution, after full evidence, had been before refused, and the matter presented in no new aspect affecting the merits had become *res adjudicata*, was proper.

The remedy appropriate to the case has been misconceived. The failure of the referees to proceed in the performance of duties they had voluntarily assumed, is explained in the affidavit of one of them, Thomas B. Pierce, and is in no manner attributable to the defendant. As the judgment was in the nature of a decree for a specific performance, and time was no such essential part of it that it could not be enlarged when sufficient reasons existed for the failure of the referees to act within the period prescribed, we think it was in the power of the court to grant relief in its extension, so that the referees might still go on in the discharge of their assumed duties. Suppose both referees had died, or refused to act, or for any other cause the reference to them became impracticable, and without remissness in the defendant, is it not mani-

fest the judge could and ought to modify the judgment in this particular and not allow a forfeiture of the defendant's rights?

The judgment for the recovery of possession has somewhat the relation of a penalty to the conditions of a bond, and is intended to secure a compliance with the terms annexed, and relief would seem to be open to the defendant, not in default, on the same terms.

But this remedy was not sought at the proper time and hence it is not available and open. We must sustain the action of the court in its present ruling, while the defendant may perhaps upon the facts, if found as suggested, have had an equity for relief. The judgment must be affirmed.

No error. Affirmed.