FRANK POWELL and wife MARY, JOHN DUNN and wife SUSAN, SHADE EVANS and wife LOUISA, W. H. EVANS, SIDNEY EVANS, and ELIZABETH PORTER by her next friend, W. H. EVANS, v. L. H. WEATHINGTON and wife ARMITTA.

(Decided February 28, 1899.)

*Partition of Land—Owelty—The Code, Section 1900.*

1. In a proceeding for partition of land, the sum charged upon one share in favor of another share of less value, for equality in the division, is a charge *in rem*, and if not paid subjects the land charged to sale, whether in the hands of the owner, or of his heirs, to whom it descends *cum onere*.

2. Section 1900 of The Code postpones the sale only in case where the parties to the proceeding are infants; it does not apply where the share, after division, descends to infant heirs of the owner.

CIVIL ACTION for recovery of land, tried before *Brown, J.,* at December Term, 1898, of the Superior Court of PITT County.

Both sides claimed under Edmund Evans, deceased. Upon the evidence adduced his Honor intimated that the plaintiffs were not entitled to recover.

In deference to the opinion of his Honor, the plaintiffs submitted to judgment of nonsuit and appealed.

The evidence fully appears in the opinion filed.

*Mr. L. J. Moore,* for plaintiffs (appellant).
*Messrs. Jarvis & Blow,* for defendants.

FAIRCLOTH, C. J.   Action for possession of land, both parties claiming under Edmund Evans, who died, and his lands were partitioned among his children in 1863. Lot No. 1 was

assigned to Holland J. Evans and was charged with $75 in favor of Lot No. 2 for equality. Holland J. Evans died in September, 1878, leaving minor children, and they are plaintiffs in this action, suing to recover Lot No. 1. Lot No. 2 was assigned to A. F. Porter and wife, in whose favor was the charge on Lot No. 1. On notice to the children, some being of age, and others minors and *femes covert,* a judgment was rendered and execution issued November 11, 1878, against Lot No. 1 for the amount charged on it for owelty, in the partition proceedings. This lot, now the subject of controversy, was sold and the defendants claim by mesne conveyances from the purchasers at the sale. During the trial below these various records and proofs were put in evidence, and his Honor held that the plaintiffs could not recover, and they appealed.

The plaintiffs contend that the lot could not be sold to pay the charge on it, as they or some of them were still infants, according to The Code, section 1900, until they arrive at twenty-one years of age, and therefore the purchasers acquired no title.

This position is a misapplication of section 1900 of The Code. That section operates when the parties to the partition proceeding, or some of them, are infants; it does not apply to the facts in this case. The plaintiffs acquired no title by the decree for partition; they were not parties. Their father, Holland J. Evans, had the title, and plaintiffs acquired it by descent from him. *Jones v. Cameron,* 81 N. C., 154. When the plaintiffs inherited the lot, charged as above, they took it *cum onere. Dobbin v. Rex,* 106 N. C., 444.

This conclusion renders it unnecessary to consider some interesting questions presented in the argument.

No error.