## MEADOWS FERTILIZER COMPANY v. FARMERS TRADING COMPANY ET AL.

### (Filed 5 October, 1932.)

**Pleadings I b—Judgment may be entered for that part of note admitted to be due without prejudice to right of plaintiff to litigate balance.**

> Where in an action on a note the defendants admit liability in a certain part thereof but deny liability for the balance: *Held*, an order directing that plaintiff recover the amount admitted to be due without prejudice to plaintiff's right to litigate the balance of the note is authorized by C. S., 865, and the order will be affirmed on defendants' appeal therefrom.

APPEAL by defendants from *Cranmer, J.*, at December Term, 1931, of CRAVEN.

Civil action to recover on a promissory note of $893.65 given to the plaintiff by the defendant, Farmers Trading Company, Incorporated, and endorsed and guaranteed by the individual defendants, officers and stockholders of the defendant company.

The defendants, in their answer, admit the execution of the note, but contend that they were to pay no more for the fertilizer purchased than the same grade would have cost had it been bought from the Contentnea Guano Company. Under this alleged contemporaneous, oral agreement, it is asserted the true amount due the plaintiff is $192.66, and the defendants tender judgment for this amount, and no more.

Upon the pleadings it was adjudged that the plaintiff recover of the defendants the sum of $192.66, with interest, the amount admitted to be due, without prejudice to the plaintiff's right to prosecute its suit on the balance of the note in controversy.

From this order, the defendants appeal, assigning error.

*Kenneth C. Royall and Andrew C. McIntosh for plaintiff.*
*Connor & Hill for defendants.*

STACY, C. J. We are not now concerned with whether the defendants will be permitted to show upon the hearing the alleged contemporaneous oral agreement as to the price to be paid for the fertilizer. *Walker v. Venters,* 148 N. C., 388, 62 S. E., 510.

The appeal presents the correctness of the order directing that plaintiff recover of the defendants the amount admitted to be due without prejudice to the plaintiff's right to litigate the balance of the note.

The statute under which the order was made, C. S., 865, provides that when the answer "expressly, or by not denying, admits part of the plaintiff's claim to be just, the judge, on motion, may order the defendant to satisfy that part of the claim, and may enforce the order as it enforces a judgment or provisional remedy."

In *Parker v. Bledsoe,* 87 N. C., 221, on facts closely akin to those here appearing, an order was entered which directed that the plaintiff recover of the defendants the amount admitted to be due and retained the action for further hearing on the balance of plaintiff's claim. This was the procedure followed in the instant case. The order is authorized by the statute. 34 C. J., 143.

Affirmed.