### J. J. McKAY v. McNAIR INVESTMENT COMPANY.

(Filed 10 December, 1947.)

**Pleadings § 28—**

> Where defendant admits liability under its own construction of the contract for a part of the amount alleged by plaintiff to be due thereunder, plaintiff is entitled to judgment for such amount without prejudice to the litigation of the balance claimed to be due him, G. S., 1-510, which right may not be defeated by defendant's tender of judgment under G. S., 1-541.

APPEAL by defendant from *Stevens, J.,* at September Term, 1947, of BRUNSWICK.

Civil action to recover on contract.

Plaintiff alleges in his complaint and reply these facts: That on and about 22 December, 1925, defendant entered into a contract with plaintiff for the purchase of several tracts of land in certain townships in Brunswick County by the terms of which it was agreed: That defendant would furnish all moneys, without interest, necessary to purchase said lands and pay all expenses incidental to the survey and examination of titles of said land, and plaintiff would negotiate the purchase of said land and look after and care for same and attempt to make sales thereof; that if and when the lands were sold, plaintiff and defendant would each bear one-half of any loss sustained, and would each share one-half of any profits realized; that in compliance and in accordance with the contract certain lands were purchased with money furnished by defendant, from 22 December, 1925, to 23 September, 1946, and defendant has furnished

money to pay all expenses in connection with said land; that plaintiff has acted as caretaker for said land, all in compliance and accordance with said contract, and has negotiated sale of timber from said land, and helped negotiate the sale of the lands; that from the sale of timber and of the lands defendant has received a net profit of $24,441.34,—to one-half of which, that is, $12,220.67, plaintiff is entitled, and that defendant has failed and refused to pay said sum of $12,220.67, after demand by plaintiff.

Defendant, in its answer, avers: That the contract for the purchase and sale of the several tracts of land was tripartite between it, A. F. Jones, and plaintiff; that it was agreed that when the lands were sold, the proceeds should be applied first to refund to it all moneys advanced in the purchase of the lands and for expenses, with interest at the rate of six per cent per annum, and any balance to be divided into three parts, one part to be retained by it, one paid to A. F. Jones, and one to plaintiff; and that in accordance therewith "the net profits realized for the transaction was $14,730.74," to be divided into three parts of $4,910.25, one part of which to be paid to plaintiff. Defendant thereupon tenders to plaintiff the sum of $4,910.25 in full payment of his share of the net profits realized on the contract, and prays that plaintiff take nothing further by this action.

Plaintiff moved in Term of Superior Court for judgment against defendant for the amount admitted in its pleading to be due plaintiff, and the court entered judgment in favor of plaintiff and against defendant for the sum of $4,910.25 "without prejudice to the rights of the plaintiff to prosecute his claim for the further sum of $7,310.42, as alleged in the complaint filed in this cause, and without prejudice to the defendant's right to defend its rights in this action against the further sum claimed in this action by the plaintiff."

Defendant appeals therefrom to Supreme Court, and assigns error.

*Frink & Herring for plaintiff, appellee.*
*E. J. Prevatte and Jennings G. King for defendant, appellant.*

WINBORNE, J.   This is the question: Does the statute, G. S., 1-510, authorize the rendition of the judgment from which this appeal is taken? The answer is "Yes." Such answer finds support in decisions of this Court. *Parker v. Bledsoe,* 87 N. C., 221, and *Fertilizer Co. v. Trading Co.,* 203 N. C., 261, 165 S. E., 694.

The statute, G. S., 1-510, provides that "whenever the answer of the defendant expressly, or by not denying, admits a part of the plaintiff's claim to be just, the judge, on motion, may order the defendant to satisfy that part of the claim, and may enforce the order as it enforces a judgment or provisional remedy."

In *Fertilizer Co. v. Trading Co., supra,* this Court said : "In *Parker v. Bledsoe,* 87 N. C., 221, on facts closely akin to those here appearing, an order was entered which directed that the plaintiff recover of the defendants the amount admitted to be due and retained the action for further hearing on the balance of plaintiff's claim. This was the procedure followed in the instant case. The order is authorized by the statute."

And this pertinent treatment of the subject appears in 46 C. J. S., 322, Judgments, Sec. 185, subsection (b), "At common law and in the absence of statute or court rule to the contrary, plaintiff has no right to enter judgment for the part admitted, and then to proceed to trial for the balance of his claim; but by statute in many jurisdictions judgment may be entered before trial, for the part admitted and a trial had for the part disputed. Under this class of statutes two judgments may be rendered in the same case, both for plaintiff, or one for plaintiff and one for defendant, according to the result of the trial of the controverted portion of plaintiff's claim." *Simpson v. C. P. Cox Corp.,* 167 Wash., 34, 8 P. (2d), 424.

Furthermore, the same authority states that, "Where defendant has admitted a part of the claim to be due, and then proceeds under different statutory provision to offer to confess judgment on condition that the judgment be in full of the demands against him, such offer does not affect the right of plaintiff to have judgment entered for the part admitted in accordance with the first mentioned statutory provision." See also *Phenix Furniture Co. v. Daggett,* 145 S. C., 357, 143 S. E., 220, a decision based on statute almost identical to our statute, G. S., 1-510.

As we read the pleadings in the present action, the matters in difference between plaintiff and defendant relate to the terms of the contract in reference to purchase, caring for and sale of the same land. Those differences in the main are : (1) Whether the contract was bipartite, between plaintiff and defendant, or tripartite, between plaintiff, A. F. Jones, and defendant, and (2) whether defendant was to receive interest on moneys advanced. Defendant's answer is on the theory that the contract was tripartite, and that it was to receive interest on the moneys advanced. And on this basis defendant admits that plaintiff is entitled to $4,910.25, the amount for which judgment is rendered. In the face of this admission of the amount justly due plaintiff in accordance with its own version of the contract, defendant may not defeat the purpose of the statute, G. S., 1-510, by undertaking to make a tender under G. S., 1-541.

The judgment below is

Affirmed.