Nash, J.
 

 The bill is filed to set aside the decree, obtained by Charles McDowell against the present plaintiff, and for an injunction to stay proceedings under it.
 

 An application to a Court of Equity to restrain its own proceedings is certainly a novelty. We are not apprized of any precedent for such a bill. The process prayed for
 
 *486
 
 and granted in this case is to enjoin a decree in Equity. The principle, upon which injunctions are granted to stay the proceedings of other Courts, is, that, from their organization, they cannot take effectual notice of the circumstances, which render
 
 their
 
 proceedings wrongful. But such is not the case with a Court of Equity. When it is called on to injoin its own proceedings, it is asked to pronounce, that to be iniquitous and wrong,, which it has already declared to be right and proper. And when it made this latter declaration, it was perfectly competent to declare it wrong, if it were so.
 
 Reynolds
 
 v.
 
 Harshaw, 2
 
 Ired. Eq. 196. But, although a Court of Equity cannot with propriety be asked to injoin the use of its own process, which it has previously granted to execute its own orders or decrees, yet a party grieved or supposing-himself to be so, by its use, is not without redress. The Coux-t can, and, upon a proper case made, supported by affidavits, will withdraw the process itself, or stay an execution by granting a supex-sedeas. 2
 
 Mad. Ch.
 
 375.
 

 The bill in this case is called a bill of x-eview; but it is not in reality so. It is admitted, there is in the original suit no error in law, of which the plaintiff can avail himself in this proceeding, for the bill does not even intimate an error in the decree. ■ But the object is, to set aside the interlocutory decree, taking the bill in the former suit
 
 pro confesso,
 
 and to allow the plaintiff to file an answer to it. The application is made on the ground of surprise. If, therefore, the bill and answer are considered as affidavits, upon which the motion is made, do they exhibit such a state of facts, as would justify the Court in granting the relief asked for ? We think not. The plaintiff’s allegation is, that, upon the loss of the records- of the former suit, a copy of the original bill, properly certified by the clerk, was filed without and against his consent; and that no copy has been served upon him. tie further alleges, that the amendments upon it, and the entries upon the record, were made without his knowledge or consent.
 
 *487
 
 That the records and papers had been lost or destroyed, is stated by the plaintiff; and, in that case, it cannot be doubted, that the Court, without or against the will of the plaintiff, had full power to order a copy of the original bill to be filed. That the copy filed was a correct one is not questioned.
 
 Harris
 
 v.
 
 McRea,
 
 4 Ired. 81. But it is a sufficient answer to all these grounds of complaint by the plaintiff, that the records he sets forth shew that they were all done by consent of the parties, and the counter allegations of the defendant sustain them. The plaintiff’s own statements satisfy us the facts were so. Although the plaintiff avers, that the copy of the original bill was amended and filed, and the entries on the record made, without his knowledge or consent, he no where alleges that they were done without the knowledge and consent of his counsel. On the contrary, it is in substance admitted, by denying his power and authority to do so. Mr. Alexander was employed by the plaintiff, as his counsel in the case, at the return term ; and it is not alleged, that he had been discharged, at the time the transactions took place. By his acts and agreement, made in the management of the cause, the plaintiff was bound,
 
 Grice
 
 v.
 
 Rix,
 
 3 Dev. 64; and by his knowledge also of facts. If this were a bill of review to re-hear or set aside the decree, upon the ground of newly discovered testimony, it could not be sustained, if it appeared, that the testimony, though unknown to the plaintiff, was known to his attorney, solicitor or agent, in time to have been used; notice to either of them being notice to the principal. 2
 
 Mad. Ch.
 
 411. Much stronger is the application of the principle to the acts of a solicitor, done within the scope of his authority in the management of the suit. The plaintiff further alleges, that no copy of the amended bill was served upon him. The record shews that it was agreed no copy should issue ; and there was a propriety in the agreement. For it is alleged by the defendant, in his answer, that the copy was furnished by the plaintiff him
 
 *488
 
 self, being the one which had been served on him. The answer also avers, that the plaintiff was present, when all the transactions took place, of which he now complains ; and that he assented to them all. And we are entirely satisfied that such was the fact.
 

 Per Curiam.
 

 Bill dismissed with costs.