PeaRSON, C. J.
 

 The bill discloses no' equity against the defendants, Stagg aad Davis, the administrators of the creditor. He did no wrong-, and it is not charged that he, in any way, induced or concurred in the supposed misconduct of the defendant, Jones, as sheriff, or was connected with the supposed' fraudulent combination between Jones and the other defen ai-dants. On the contraiy, he was the party directly injured by it, and was thereby delayed in the collection of his debt, and it would be strange if that could be made a ground for enjoining his personal representative from proceeding in the exercise of their legal right to make the money due upon, the judgment.
 

 The position assumed, is that by reason of the “ actings and doings” of Jones, the sheriff, the judgment in question was, in legal contemplation, satisfied. Admit, for the sake of argument, that to be true, the plaintiff has a clear legal remedy, for, upon a writ of
 
 audita querelay
 
 the Court, where the judgment remains, will order “ satisfaction ” tobe entered up on the record, and call in. the execution, if one has issued'. Soother©
 
 *279
 
 is no equity involved, and nothing to require the interference of this Court.
 

 But waiving that question, do the matters of fact alleged, have the legal effect of a satisfaction? The sheriff having in his hands prior executions in favor of other creditors, had levied them on personal property of the principal debtor, of value sufficient for their discharge, and permitted the debtor to take the property back into his possession, upon his giving a forthcoming bond, and the property is levied upon and sold under executions in the hands of a constable. The execution issuing on the judgment in question, together with the priorexe-cutions, are levied on land of the debtor, which is sold by the sheriff, and nearly all the money raised by the sale is applied by the sheriff to the satisfaction of the prior executions, and but a small amount is applied tb the execution on the judgment in question.
 

 If the sheriff had enforced the forthcoming bond, and by means thereof, made the money to satisfy the prior executions, then he could have satisfied the judgment in question, out of the money raised by the sale of the land, but for some cause, with which the creditor has no connection, he failed to do so, and thereby but a small sum was applicable to the judgment, and, of course, it remains unsatisfied.
 

 If a sheriff levies upon personal property, the title is thereby vested in him, and the execution is satisfied,
 
 unless
 
 the property gets back into the possession of the debtor, or is otherwise applied to his use;
 
 Collins
 
 v.
 
 Bank of Newbern,
 
 2 Dev. Eq. 525. In this case, the property did get back into the possession of the debtor, and was applied to his own use in the discharge of the executions in the hands of the constable, and besides, the execution, on the judgment in question, never was levied on the personal property; so, the gravemen of the plaintiff is, that the sheriff did not enforce the forthcoming bond, and thereby make room for the payment of the judgment out of the money raised by the sale of the land.— In this complaint, against the sheriff, the creditor concurs with them, being himself the party directly injured. TIow then,
 
 *280
 
 can this omission — malfeasance or misconduct of the sheriff, give them an equity against his administrators.
 

 "Without reference to the answer of the defendant, Jones, or the explanation given by him, we are of .opinion that the injunction ought to have been dissolved, on the motion of the administrators, for the want of equity against them, and the order continuing the injunction until the hearing, must be reversed, and the injunction be dissolved.
 

 Whether the plaintiff's can have any relief against the sheriff, or whether by arranging the debt and taking an assignment from the administrators, they can subject him at law, or can work out an equitj^ through the creditors in the prior execution, so as to have relief on the forth-coming bond, are questions into which we will not enter.
 

 Per Cum AM, Decretal order reversed.