NATHAN COWARD v. J. G. CHASTAIN et al.

*Injunction—Vacating Judgments—Execution Sale.*

1. If a party, who has obtained a temporary restraining order, does not appear and ask for its continuance at the time fixed for the hearing, the application may be dismissed without going into the merits.

2. The proper remedy against the enforcement of a judgment, by a party thereto, is not by injunction, but by a proceeding in the cause, where the relief may be administered by recalling or modifying the process, and in the meanwhile issuing a *supersedeas.*

3. A sale under execution issuing upon a judgment barred by the lapse of time will not pass title.

This was a PROCEEDING TO OBTAIN AN INJUNCTION, heard before *Montgomery, J.,* at Fall Term, 1887, of JACKSON Superior Court.

The defendants obtained from the Judge holding the Courts of the District of which Jackson County forms a part, on the 25th day of August, 1887, at Chambers, in Asheville, an order restraining the plaintiff from proceeding under an execution sued out and in the hands of the Sheriff of that County, and appointing Monday, September 12, as the time, and Waynesville as the place, when he would allow the plaintiff to show cause, why the order should not be continued. This was upon an allegation of the defendants, duly verified, that the writ, while falsely professing to have been issued upon a judgment rendered at Spring Term, 1885, was in fact issued upon a judgment of November Term, 1874, which was barred by the statute of limitations. The hearing being continued, by consent, from the time and place designated until Monday, the 26th of the same month, and then to be had at Webster, in the County of Jackson, and the defendants being present neither in person nor by counsel, at the time and place last named, and no cause being shown

for the continuing the restraining order in force, and more than twenty days having expired since it was made, the Judge vacated the restraining order and left the plaintiff free to pursue his remedy by execution, but reserved the application for an injunction, to .be heard upon affidavits on October 11th, at Hayesville, in Clay County. From this judgment the defendants were allowed to appeal, alleging error in so much of it as allows the plaintiff to proceed with his execution.

    *Mr. E. R. Stamps,* for the plaintiff.
    *Mr. E. C. Smith,* for the defendants.

SMITH, C. J., (after stating the case). From the copy of the judgment sent up in the case on appeal, it appears to have been rendered at the October Term, 1872, of the Superior Court of Clay County, and had this evidence been before the Judge, as it seems not to have been, and the defendants had asked for an injunction, it would doubtless have been granted, since a sale under such a judgment, unrenewed, would be inoperative to pass the title, as declared in *Lyon* v. *Russ,* 84 N. C., 588; *Lytle* v. *Lytle,* 94 N. C., 683.

    This is of course upon the assumption that the vitality of the judgment has not been preserved by a continued issue of executions, under § 440 of *The Code.*

If the judgment be not only dormant, but barred by the lapse of time, and this the execution, if truly speaking the time of the rendering of the judgment would, show upon its face, its issue would confer no right to sell, and the sale, if made, would be ineffectual to pass title. In such case, no harm could come from the refusal to grant the order of injunction.

But, however this may be, as it was not asked, nor any reason shown why a restraining order should be made, it was not error to refuse, or rather to fail to make it when not demanded.

We again call attention to the irregularity in the mode of proceeding adopted, in that, while the right to process to enforce the judgment by appropriate remedies remains unimpaired, its exercise is restrained. This, of necessity, was the proper course of procedure under the former divided jurisdictions, in which a Court of equity, without a direct interference with the action of a Court of law, exercised authority over the *person* of the suitor, and restrained his oppressive and wrongful use of a legal right. No interference in a separate suit was permissible in a pending suit between the parties in a Court of equity, and now, when there is but one tribunal, the redress is by a direct interposition, recalling and modifying the process in a proper case, and meanwhile issuing a *supersedeas* order to the officer in possession of it. *Chambers* v. *Penland*, 78 N. C., 53; *Parker* v. *Bledsoe*, 87 N. C., 221. There is no error, and the judgment is affirmed.

Affirmed.