J. M. RICE v. J. R. JONES, Adm'r, et al.

*Supplemental Proceedings—Res inter alios.*

The maker of a note was examined in a supplemental proceeding, brought against the payee, and upon such examination admitted that he owed the payee the amount of the note. An order was made that a part of the money due on the note be paid to the plaintiffs in such proceeding, with which order the maker complied. At the time the proceedings were commenced the payee in the note had already transferred it *bona fide*, and before maturity, to A, who was never made a party to the proceeding: *Held*, that A could recover from the maker, in a separate action, the full amount of the note, with interest and costs. as it was the maker's folly to admit owing the note to the payee before ascertaining whether the note had been negotiated; and A not being a party, all that was done in the supplemental proceeding was *res inter alios* as to him.

CIVIL ACTION, tried at December Term, 1888, of the Superior Court of Buncombe County, before *Merrimon, J.*

The following is a copy of the material part of the case settled on appeal:

On the 11th day of December, 1882, R. R. Jones, the intestate of the defendant J. R. Jones, executed his promissory note, under seal, to John S. Rice for three hundred dollars, to be due on the first day of August, 1883. In July, 1883, certain judgment creditors of John S. Rice instituted proceedings supplementary to execution against said John S. Rice, and caused to be issued from the Superior Court of Buncombe County, wherein the same had been begun, a notice of an order therein made, requiring said R. R. Jones to appear before the Clerk of the Superior Court of Buncombe County, at a time and place named, to answer concerning his indebtedness to said John S. Rice, and said notice to be immediately served upon said R. R. Jones; and in obedience to said order said R. R. Jones appeared before

said Clerk on the 21st day of August, 1883, and on oath made answer in writing as follows: "That he borrowed from the said John S. Rice, on or about the 11th day of December, 1882, the sum of three hundred dollars, for which he gave his note, secured by a deed of trust, to be due the 1st day of August, 1883, and that the same has not been paid, and that he is ready to pay the same according to order of Court. * * * That since he has been summoned in this cause (the supplemental proceedings) the note has been presented to him by Marion Rice (plaintiff in this action), brother of John S. Rice, claiming it to have been transferred to him, the said Marion Rice." Afterwards, on the 31st day of August, 1887, said R. R. Jones amended his said answer in said supplemental proceedings by adding thereto the following: "By leave of Court, R. R. Jones, amending this, his answer in these cases, demands: That if it shall be adjudged that R. R. Jones pay to any person or persons in these actions, or in either of them, any sum or sums of money, his, the said R. R. Jones' notes, in the answer mentioned, may be delivered up to him, and a deed of trust, given by himself and wife to secure the same, may be ordered to be cancelled, and that such other orders may be made by the Court as are necessary for his protection, and alleges that he has now of the money mentioned in his answer only two hundred and one dollars and forty-five cents, heretofore condemned."

Before said R. R. Jones made this amendment to his said answer, the Clerk of the Court had made an order based upon his original answer, in words and figures following, to-wit: "It is considered by the Court, upon the examination of R. R. Jones, and it is hereby adjudged, that the sum of two hundred and one dollars and forty-five cents of this three hundred dollars due from the said R. R. Jones to the said John S. Rice be, and the same is hereby, condemned to the use and satisfaction of the judgments, and that said R. R. Jones is hereby directed to satisfy the said judgments as herein

stated, and that he is prohibited from paying a sum sufficient to satisfy the said judgments, to any other person.
August 21, 1882. E. W. Herndon, Clerk Superior Court."

From this order John S. Rice appealed, in words and figures following, to-wit:

"From the foregoing judgment John S. Rice appeals to the Superior Court in term, before the Judge. Notice of appeal given in open Court, August 21, 1883. E. W. Herndon, Clerk Superior Court." But such appeal was not heard until the present term of this Court, when, upon an issue submitted to a jury in this action, it was found that said note was the property of said J. M. Rice, having been assigned to him before said supplemental proceedings were begun. Upon this verdict the order made by the Clerk, on the 21st of August, 1883, was vacated and set aside. The issue as to the title to the note was one between a receiver, appointed by consent in the said supplemental proceedings, at this term; and the plaintiff in this action, J. M. Rice, by consent of the receiver, was allowed to intervene in this action and to make up an issue as to the ownership of the note sued on—this to be without prejudice to defendant. After this issue was determined by the jury in favor of the plaintiff, the defendants in this action agreed that the plaintiff was the owner of the note.

On the 27th of August, 1883, said R. R. Jones paid said J. M. Rice (Marion Rice) all of said note except the sum of two hundred and one and forty-five hundredths dollars, and this amount so paid was entered by said J. M. Rice as a credit upon the back of the note. It was set forth in said entry that the sum thus paid was the principal and interest of said note, except the amount for which R. R. Jones had been garnisheed in said supplemental proceedings.

On the 6th day of March, 1885, J. M. Rice began the present action in this Court, against said R. R. Jones and wife, and S. H. Reed, the trustee in the deed of trust made

to secure said note to John S. Rice, which deed of trust was ·executed on December 11th, 1882, to compel the trustee to sell the land in said deed of trust mentioned, in order to the payment of the remainder of said note. The pleadings in this action will go up as part of the case on appeal. R. R. Jones was at all times ready to pay the said note, always keeping in bank, for that purpose, the amount of money, upon which he received no interest or profit, and of which he made no use, but his money was at all times under his own control and subject to his own order. He never paid or offered to pay said money into Court, otherwise than as stated in his affidavit in said supplemental proceedings and in his answer in this action ; nor did he take any steps in said supplemental proceedings to have J. M. Rice, the plaintiff in this action, whom he knew claimed to be the owner of said note, substituted in his place, nor did he at any time, in this action, seek to have the creditors, at whose instance said supplemental proceedings were begun, substituted in his place. J. M. Rice was never made a party to said supplemental proceedings at the instance of R. R. Jones, but he was summoned in said proceedings on the 27th day of May, 1885, after this action was begun, to answer concerning his indebtedness to John S. Rice.

When this action was called for trial the defendants insisted that it ought to be dismissed : first, because the plaintiff could not maintain such action pending such supplemental proceedings and injunction ; secondly, because the Court had not jurisdiction of the action; and they contended further that the plaintiff was not entitled to interest during the injunction, nor to recover costs. The Court was of opinion that the plaintiff was entitled to bring his action ; that the Court had jurisdiction ; and that, as the defendants did not insist upon having any issues tried by a jury, but consented that the Court might act upon the facts found by

the Court, the plaintiff was entitled to recover, and gave judgment accordingly. The defendants excepted to the judgment as follows :

1. Because the Court gave judgment in favor of the plaintiff and against the defendants as set forth.

2. The plaintiff cannot maintain such action begun, pending such supplemental proceedings and injunction.

3. The Court had not jurisdiction of the action.

4. The Court should not have allowed the plaintiff interest on said sum of money during the injunction.

5. The Court should not have allowed the plaintiff costs herein.

6. The Court should have dismissed said action.

There was judgment for the plaintiff, from which the defendants appealed to this Court.

*Mr. Charles A. Moore,* for the plaintiff.
*Mr. F. A. Sondley,* for the defendants.

MERRIMON, J. (after stating the facts). It appears that the promissory note sued upon was indorsed to the plaintiff before it matured, and that he was the owner thereof. He was, therefore, entitled to recover the balance of the money due upon it—more than two hundred dollars—in this action, unless, as contended by the appellants, the proceedings had, affecting the maker thereof, in the proceeding supplementary to the execution mentioned, interfered with and obstructed the plaintiff's right to maintain the action. Hence, it is necessary to ascertain what relation the maker of the note sustained to this proceeding, how he was affected by it, and how, through him, it affected, indirectly, if at all, the rights of the plaintiff.

Now, John S. Rice was the payee of the note sued upon, and he was also the judgment debtor and defendant in the proceeding supplementary to the execution. The maker of

this note, as his supposed debtor, was required to appear before the proper Court at a time and place specified, to answer concerning his indebtedness to the payee thereof, as allowed by the statute (*The Code*, § 490). The purpose of such appearance and answer was to ascertain whether he owed such judgment debtor the note mentioned, or any sum of money. If it appeared that he did, then the Court might have ordered that such indebtedness, or so much thereof as might have been necessary, should be applied to the satisfaction of the judgments against the judgment debtor, as allowed and required by the statute (*The Code*, § 493). If, however, he denied in his answer that he owed the judgment debtor the note, or any sum of money, then the receiver appointed, or to be appointed in the proceeding against the judgment debtor in such cases, as prescribed by the statute (*The Code*, § 494), might have brought his action to recover the money alleged to be due upon the note or otherwise· *Coates* v. *Wilkes*, 92 N. C., 376; *Coates* v. *Wilkes*, 94 N. C., 174; *Turner* v. *Holden, ibid.*, 70; *Vegelahn* v. *Smith*, 95 N. C., 254.

In an action thus brought by the receiver, he could not recover, against an alleged debtor, money alleged by him to be due upon a promissory note, unless he should allege and prove that the note outstanding was still due and owing, at the time he brought his action, to the judgment debtor because, as the note was negotiable, it might, in good faith, have passed into the hands of some other person before the order forbidding the transfer of the judgment debtor's property. Indeed, this would be so as to any debt that might be assignable by indorsement or otherwise. The receiver could only recover debts due and owing to the judgment debtor, and the burden is upon him to show that the debt he demands judgment for is so due, whether the same be due by promissory note or otherwise. If the maker of such note is sued upon the same by a receiver, he should be careful not to admit, incautiously, that it is due and owing to the

payee thereof, or the judgment debtor, because, it may be
that the latter has sold it to some other person, and he is not
bound to give the maker notice that he has done so. If the
maker should make such admission, and judgment should
be obtained against him by the receiver, it would not at all
protect him against a recovery on the same account by the
owner of the note in an action brought by him for that pur-
pose, unless he was a party to the action of the receiver. The
real owner of the note could not be prejudiced, much less
concluded, by a judgment against his debtor founded upon
his note, in an action to which he was not a party, nor do
orders of restraint or injunction affect him, unless in some
way he is a party to it, except so far as to prevent him from
interfering with property of any kind *in custodia legis.*

The maker of the note (the subject of this action), who is
the intestate of the defendant and appellant J. R. Jones,
administrator, in his answer, made in his life-time, in the
proceeding referred to, did not deny that he owed the note
in question to the judgment debtor therein; on the contrary,
he, in substance and effect, admitted that he did owe it to
him, and, thereupon, the Court made an order applying so
much of the money due upon it, or as was necessary to the sat-
isfaction of the judgments against the judgment debtor
specified in the proceedings. He made such admission at
his peril. He seems to have done so, supposing that the
Court could and would protect him at all events against the
plaintiff and the real owner of the note, whoever he might
be. This was a serious mistake. The cautionary course
open to him was to put the ownership of the note in issue
by his answer, and in that case no order could have been
made to his prejudice, but the receiver would have been
driven to his action, as allowed by the statute (*The Code,*
§ 497), and to prove that the judgment debtor was the owner
of the note as pointed out above. The maker of the note,
when required to answer, was to a large extent affected by

the principles of law applicable to and much on the footing of a garnishee in attachment proceedings. *Myers* v. *Beeman,* 9 Ired., 116; *Ormond* v. *Moye,* 11 Ired., 564; *Shuler* v. *Bryson,* 65 N. C., 201; *Ponton* v. *Griffin,* 72 N. C., 362.

The plaintiff was not a party to the proceeding mentioned, and was not bound by it in any respect, so far as appears. The mere fact that he was required to answer concerning his indebtedness to the judgment debtor, did not make him a party— he was not required or summoned to appear for such purpose; nor was he required or expected to take notice of what others might answer or do in the proceeding. Indeed, it was not the purpose of the proceeding to litigate the rights of persons required to appear and answer, as to property of the judgment debtor and debts alleged to be due to him, and this denied, by the alleged debtors; this could and should be done in proper actions, brought by a receiver, appointed, in part, for that very purpose. *The Code,* §§ 494, 497.

The order directing the maker of the note to apply so much of the money due upon it as might be necessary for that purpose, to the satisfaction of the judgments specified in the proceeding, and forbidding him to pay such sum "to any other person," applied to him, and was founded upon his admission that he owed the note to the judgment debtor; it did not purport to apply to the present plaintiff, or to prohibit him from asserting any right he might have against the maker of the note, nor, indeed, could it affect him, if so intended, as he was not a party to the proceeding The Court had not jurisdiction of himself, nor control of his note, the subject of this action. Moreover, the statute pertinent (*The Code,* §§ 494, 497) did not authorize the Court to make such order applicable to and embrace property other than that of the judgment debtor. It is not its purpose to interfere with the property or rights of persons other than such debtor, or to delay or obstruct the enforcement of their rights, unless incidentally, in cases where the Court had

taken jurisdiction of the property and placed it *in custodia legis.* Of course, a person claiming property properly alleged to be that of the judgment debtor, would interfere with it in the face of an order of the Court forbidding interference with it, at his peril. If his claim were unfounded he might be treated as in contempt of the Court, and he would also be exposed to an action by the receiver appointed, or to be appointed, in the proceeding, in aid of its purposes.

We can see no just reason why the plaintiff is not entitled to interest on his debt. The note sued upon was his and he was in no default. The maker of it, when required to answer in the proceeding, should not have admitted that he owed the judgment debtor ; he did so at his peril, and it was his folly that he did ; he should have put the ownership of the note in issue, and if the Court had, in that case, made unwarranted orders, he should have appealed to the proper Court and had the errors corrected. In case of an action by the receiver as pointed out above, he might have required the present plaintiff to be made a party and had his rights settled and him concluded; and besides, in that case, the Court could and would, if need be, have afforded the maker of the note ample protection in some way allowed by law. The maker of the note seems to have thought, that inasmuch as he was required by the Court to answer in the proceeding against the judgment debtor, the Court could and ought, in any case or contingency, to afford him protection in all respects against the owner of the note, whoever he might be. This was a mistaken view of his right. liability and duty. It was his duty to himself to require judgment creditors in the proceeding, in the way prescribed by law, to establish his indebtedness to the judgment debtor, and it was his default if he failed to do so. Pending the litigation, he continued to have the money not yet paid—it was his, and if he failed to use it profitably, it was because of his neglect or his misfortune, and the plaintiff should not be prejudiced by

his default or neglect as to interest. It is a part of the burden of every debtor to pay his debts certainly to him to whom it is due and entitled to have the money in discharge of the same. If sometime, in the complicated course of business, he finds it difficult and troublesome to ascertain to whom it is due, and to get a valid discharge of it, this may be his misfortune and a necessary evil incident to business transactions. Any incidental loss is his, if the creditor is in no default. In the present case the creditor was in no default—the maker of the note had notice of who he was, and instead of paying the debt to him, improperly admitted that the debt was due to the judgment debtor, believing, no doubt, the order of the Court would be his sufficient protection. And so it would be in the case presented, but it could not be in another and very different case. The Court is faithful, true and just in the enforcement of its orders and judgments in every case, but the extent and compass of these orders and judgments, and their effects, depend materially upon the facts upon which they are founded and rest. If the facts admitted or made to appear from evidence produced, are, indeed, not facts, then the Court cannot make the order on judgments apply to and embrace other and different facts or cases. Nor was there the slightest reason why the plaintiff was not entitled to costs. He had a good cause of action, and was properly allowed to recover—no sufficient reason was shown why he should not, and he was entitled to costs, as a lawful consequence. An issue of fact, by consent of parties, was irregularly interjected into the case and tried, but the finding upon it was in favor of the plaintiff. So far as appears, there was nothing in this that deprived the plaintiff of costs in the regular course of the action.

We think that the numerous authorities cited and relied upon, in the interesting brief of the counsel for the appellants, are not applicable to this case. Those of them deemed most

nearly pertinent are cases where the property in question was certainly in the custody of the law—there had been levies upon it in attachment proceedings. In some such cases the owner of the property could not be allowed to interfere with it pending such custody, unless in some cases he might intervene, by appropriate proceeding. In this case there was no levy upon the property; nor was the note, the subject of this action, in the custody of any party to the proceeding; nor did or could the appropriate order of the Court in the proceeding against the judgment debtor apply to persons who did not have property of the latter; nor did or could it properly forbid the owners of promissory notes, properly and in good faith indorsed by the judgment debtor when he might do so, from suing upon the same, certainly not, unless such persons were in some way made parties to the proceeding. Perhaps, the plaintiff might have intervened in the proceeding mentioned. Perhaps, he might have been brought into it in some way that might have brought about a settlement of his rights, or have concluded him as to the note, but he was not bound to assert his rights in and by it. He had possession, and was the owner of the note sued upon in this action, and there was no imperative reason why he should seek his remedy against his debtor in the proceeding, simply because the latter had been required to appear in it and answer as to his indebtedness to the judgment debtor. It was the duty of the maker of the note, to himself, to take care in the proceeding, and be sure to require the receiver to establish his indebtedness to the judgment debtor, or fail in his action.

There is no error, and the judgment must be affirmed.

No error.                                        Affirmed.