MRS. U. S. CORNELIUS v. W. H. ALBERTSON.

(Filed 6 June, 1956.)

**1. Executions § 2—**

The common law rule that only property of which the judgment debtor has legal title is subject to sale under execution has been enlarged by statute to include property held for the benefit of the judgment debtor in a passive trust, G.S. 1-315(4), G.S. 1-316, but even so, the trustee must be brought in by supplemental proceeding under G.S. 1-360 *et seq.*

**2. Executions § 6—**

Since an execution must conform to the judgment, it may not be issued against a stranger to the judgment, and therefore the writ cannot command the sheriff to satisfy the judgment out of property held in trust for the judgment debtor by a person not a party to the suit, either individually or as executor or trustee.

**3. Execution § 24—**

Where the judgment creditor seeks to have property held in trust for the benefit of the judgment debtor sold in satisfaction of the judgment, the judgment creditor should have execution issued to satisfy the judgment out of the property of the judgment debtor, and after return of such execution unsatisfied, have the trustee brought in and made subject to the jurisdiction of the court by supplemental proceedings under G.S. 1, Article 31. Upon the hearing in such proceeding the question of whether the property

is held in an active trust, and therefore not subject to sale, or held in a passive trust, and therefore subject to sale, may be determined.

**4. Execution § 11—**

An injunction against levy or execution under a judgment can be obtained only when the judgment debtor has no adequate remedy at law, and where the judgment debtor may move in the cause to recall or withdraw the execution, or stay an execution by *supersedeas*, injunction will not lie.

APPEAL by plaintiff from *Crissman, J.,* in chambers 12 December 1955. GUILFORD.

Motion in the cause by defendant, judgment debtor, to enjoin the plaintiff and the Sheriff of Guilford County from levying upon and selling under an execution, caused to be issued by plaintiff, judgment creditor, property held in trust for defendant.

On 6 March 1952 plaintiff obtained in the Superior Court of Guilford County a judgment against the defendant in the amount of $22,050.00, by reason of the provisions of a deed of separation between them. T. W. Albertson, a resident of Guilford County and father of the defendant, died testate on 29 November 1951, and his will was duly probated on 20 December 1951. T. W. Albertson in his will named his son J. R. Albertson as executor. In Item Three of his will he directed his executor to convert all his personal property into cash, and further directed that his executor shall hold in trust for his son, the defendant, one-fifth part of the cash, and pay to defendant $250.00 each six months, until his one-fifth part shall have been paid in full: he was also directed to pay any necessary bills for medical, drug, and hospital expenses, if incurred by defendant for himself. In Item Four of his will he directed his executor to sell all of his real estate. In Item Five of his will he stated that his executor shall hold in trust for the defendant a one-fifth part of the net proceeds from the sale of real estate belonging to his estate, and pay it to the defendant as directed in Item Three of his will, and upon the defendant's death, the executor shall pay in a lump sum anything that shall be left to defendant's son.

On 24 October 1955 plaintiff had the Clerk of the Superior Court to issue an execution on her judgment for $22,050.00, which execution commanded the Sheriff of Guilford County "to satisfy said judgment out of the real or personal property held in trust for the defendant by John R. Albertson, Trustee under the Will of T. R. (*sic*) Albertson, deceased."

After the issuance of the execution the defendant made a motion in the cause to restrain the plaintiff and the sheriff from levying upon and selling the property held in trust for him. The plaintiff answered the

motion, alleging that the property held in trust for defendant could be levied upon and sold under execution by virtue of G.S. 1-315(4).

The motion was heard by the judge in chambers, and he entered an order finding as a fact that under the provisions of the will of T. W. Albertson, which provisions are set forth in detail, an active trust was created, and ordering that the sheriff of Guilford County, his deputies, etc. be, and they hereby are, permanently enjoined from proceeding with a levy and sale under execution of property held in trust for defendant by the executor of the estate of T. W. Albertson, deceased.

From the order made the plaintiff appeals, assigning error.

*Thomas Turner and J. J. Shields for Plaintiff, Appellant.*
*D. C. MacRae for Defendant, Appellee.*

PARKER, J.   At common law no property but that to which the debtor has a legal title is liable to be taken under execution against him. *Hardware Co. v. Lewis,* 173 N.C. 290, 92 S.E. 13.

However, in this State G.S. 1-315 states the property of the judgment debtor, not exempted from sale under the Constitution and laws of this State, may be levied on and sold under execution as hereinafter prescribed, and sub-section 4 of this statute makes it apply to "real property or goods and chattels of which any person is seized or possessed in trust for him."   G.S. 1-316 provides that upon the sale under execution of trust estates whereof the judgment debtor is beneficiary the sheriff shall execute a deed to the purchaser, who shall hold the same free from all encumbrances of the trustee.   We have held that the provisions of G.S. 1-315(4) and G.S. 1-316 do not apply to an active trust. *Mayo v. Staton,* 137 N.C. 670, 50 S.E. 331; *Hardware Co. v. Lewis, supra; Chinnis v. Cobb,* 210 N.C. 104, 185 S.E. 638.

The writ of execution commands the sheriff to satisfy plaintiff's judgment for $22,050.00 against the defendant out of the property "held in trust for the defendant by J. R. Albertson, Trustee under the Will of T. R. (*sic*) Albertson, deceased," though J. R. Albertson is not a party to the suit either individually or as executor or trustee.   Since an execution must conform to the judgment, it follows that it can be issued only against the judgment debtor, and may not be issued against a stranger to the judgment.   33 C.J.S., Executions, sec. 15; 21 Am. Jur., Executions, sec. 31.

G.S. 1-360 *et seq.* provides a procedure when a new person is to be charged by the execution of a judgment on the ground that he has property of the judgment debtor.   G.S. 1-360 states that after the issuing or return of an execution against property of the judgment debtor, and upon affidavit that any person or corporation has property of said judg-

ment debtor, the court or judge may, by order, require such person or corporation, or any officer or members thereof, to appear at a specified time and place, and answer concerning the same. The purpose of such appearance and answer is to ascertain whether he is seized or possessed of any real property or goods, and chattels in trust for the judgment debtor. *Rice v. Jones,* 103 N.C. 226, 9 S.E. 571. The order of the court or judge requiring such person to appear and answer is sufficient to bring him before the court, and to make him subject to its jurisdiction for the purpose of securing the judgment debtor's property—not for the purpose of contesting any right of such person having the same. *Bank v. Burns,* 109 N.C. 105, 13 S.E. 871. G.S. 1-360 provides for the order of examination. G.S. 1-362 provides for the order of condemnation, and reads: "The court or judge may order any property, whether subject or not, to be sold under execution (except the homestead and personal property exemptions of the judgment debtor), in the hands of the judgment debtor or of any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment." The exception to the statute is not relevant here. When these statutes are read singly, or as an integral part of Article 31, Supplemental Proceedings, Chapter 1, Civil Procedure, of the General Statutes, it is manifest that a supplemental proceeding against a third person is designed to reach and apply to the satisfaction of the judgment property of the judgment debtor in the hands of the third person at the time of the issuance and service of the order for the examination of the third person, which could not be reached by an execution at law.

A supplemental proceeding under Article 31, of Chapter 1, of the General Statutes is equitable in its nature, *Cotton Co., Inc., v. Reaves,* 225 N.C. 436, 35 S.E. 2d 408, and the provisions of this article are intended to supply the place of a proceeding in equity, where relief was given after a creditor has determined his debt by a judgment at law, and was unable to obtain satisfaction by process of law, *Carson v. Oates,* 64 N.C. 115.

In McIntosh's N. C. Practice and Procedure, p. 864, it is written: "All the debtor's property is liable for his debts except as exempted by law, but only legal interests in tangible personalty and in realty could be reached by execution at law until the right was extended to include equities of redemption and interests under a passive trust . . ."

The plaintiff cannot reach by the execution she had issued the property held in trust for defendant by J. R. Albertson, Executor of the will of T. W. Albertson, deceased, who is a stranger to the suit, but must endeavor to reach it, if she can, by a supplementary proceeding as set forth in Article 31, Supplementary Proceedings, Chapter 1, Civil Procedure, of the General Statutes.

The general rule is that where an injunction is sought to prevent the enforcement of a judgment by execution grounds for equitable jurisdiction must be shown. As a general proposition, where relief sought by an applicant for an injunction against levy or execution can be obtained by motion in the cause, wherein the judgment was obtained, to recall or withdraw the execution, or stay an execution by granting a *supersedeas*, an injunction will be refused, since the legal remedy cannot be considered inadequate. *Finance Co. v. Trust Co.*, 213 N.C. 369, 196 S.E. 340; *Scott Register Co. v. Holton*, 200 N.C. 478, 157 S.E. 433; *Coward v. Chastain*, 99 N.C. 443, 6 S.E. 703; *Parker v. Bledsoe*, 87 N.C. 221; *Parker v. Jones*, 58 N.C. 276; Anno. 171 A.L.R., p. 224; 21 Am. Jur., Executions, p. 268. See the interesting discussion of the novel proposition of asking a court of equity to enjoin the enforcement of one of its own decrees in *Greenlee v. McDowell*, 39 N.C. 481.

The lower court should have refused defendant's motion in the cause for an injunction to restrain the plaintiff from levying upon and selling under the execution the property held in trust for the defendant on the ground that defendant had an adequate remedy at law by a motion in the cause before the Clerk of the Superior Court of Guilford County to recall or withdraw the execution, which commanded the sheriff to levy upon and sell property held in trust for defendant by a stranger to the suit. Such being the case, the question as to whether the trust was active or passive was not before the court below for decision and should not have been passed on, and its finding of fact that the trust created by the will of T. W. Albertson for the benefit of defendant is an active trust is not before us for review.

This proceeding is remanded to the lower court with the direction that it strike out of its order all its findings of fact as to the trust created for the benefit of the defendant, and that it vacate the injunction, and enter an order denying defendant's motion for an injunction.

The defendant can then make a motion in the cause before the Clerk of the Superior Court to recall or withdraw the present execution, which should be allowed.

The plaintiff then, if she so desires, can have the Clerk to issue an execution to satisfy her judgment out of the property of the judgment debtor, and after the issuance of such execution she can by supplementary proceedings, pursuant to G.S. 1-360 *et seq.*, bring J. R. Albertson, holder of the trust estate, before the court and make him subject to its jurisdiction, and present to the court or judge the question as to whether or not the trust estate held by J. R. Albertson for the benefit of defendant, judgment debtor, should be applied to the satisfaction of her judgment.

Error and remanded.