FISHEL AND TAYLOR, ARCHITECTS v. GRIFTON UNITED METH-
ODIST CHURCH, AN UNINCORPORATED RELIGIOUS ASSOCIATION

No. 743SC490

(Filed 7 August 1974)

1. Execution § 16— supplemental proceedings — jurisdiction over church
   trustees

   Order of the court in a proceeding supplemental to execution di-
   recting the chairman of the board of trustees of the judgment debtor-
   church to appear and answer was sufficient to bring the board of
   trustees before the court and make the board of trustees subject to
   its jurisdiction.

2. Execution §§ 1, 16; Trusts § 3— church property — passive trust —
   subject to execution

   The trial court in a proceeding supplemental to execution correctly
   determined that the trustees of the judgment debtor-church hold title
   to the church property in a passive trust and that the church property
   is therefore subject to sale under execution against the judgment
   debtor-church. G.S. 1-315(a) (4).

APPEAL by defendant from *Fountain, Judge,* 25 February
1974 Session of Superior Court held in PITT County.

In February 1973, plaintiff obtained judgment against
defendant for $8,588.48 with interest and costs. The suit arose
out of a debt to plaintiff for architectural services. The case
has been before this court twice. *See Fishel and Taylor v. Church,*
9 N.C. App. 224, 175 S.E. 2d 785 and 13 N.C. App. 238, 185
S.E. 2d 322.

Execution on the judgment was twice returned unsatisfied.
Plaintiff then proceeded under G.S. Chapter 1, Article 31, en-
titled "Supplemental Proceedings," seeking the appearances and
examination of the trustees of the church concerning property
held by the trustees for the church. The order was issued, and
the Chairman of the Board of Trustees was ordered to appear.
The Clerk of Superior Court concluded that the property held
by the trustees was not subject to levy. Plaintiff appealed to
the Judge of the Superior Court.

On appeal, Judge Fountain heard the case on stipulations
and admissions of the parties and the record on appeal from the
Clerk.

The evidence included testimony from John Oglesby, chair-
man of the Board of Trustees, that in dealing with the properties

the trustees served in an advisory capacity and could merely make recommendations to the Administrative Board of the church. Oglesby stated "that all the trustees do is simply hold title to the property," and that the trustees did "not have the right to sell the property."

As a witness for defendant, James Sponenberg, Pastor of Grifton United Methodist Church, stated that "[t]he local Trustees simply hold title. That's the extent of their authority . . . They merely hold title, nothing else."

The five deeds conveying the properties in question were also introduced. Each deed indicated that the conveyance was to certain named individuals as trustees for defendant church. Four of the deeds contained habendum clauses substantially similar to the following.

> "To HAVE AND TO HOLD the aforesaid lot or tract of land together with all and singular the rights, members, hereditaments and appurtenances to the same belonging, or anywise incident or appertaining, unto the said parties of the second part, the said trustees and their successors and assigns in fee simple forever. In trust, that said premises shall be used, kept, and maintained as a place of divine worship of the Methodist Ministry and members of the Methodist Church, subject to the Discipline, usage and ministerial appointments of said Church as from time to time authorized and declared by the General Conference and by the Annual Conference within whose bounds the said premises are situated. This provision is solely for the benefit of the grantee, and the grantor reserves no right or interest in the said premises."

The habendum clause of the fifth deed included a similar provision and also specified:

> "Whenever it shall become necessary or may be deemed expedient by the proper authorities of the said Church to sell or otherwise dispose of the said bargained premises or any part thereof, they may and are hereby empowered to sell or otherwise dispose of and convey the same by and through the said Trustees and their successors, under and pursuant to the Rules and Regulations of the Discipline of the said Methodist Episcopal Church, South, then and at that time in force duly discharged all limitations, uses and trusts herein imposed; and the grantee or purchaser

shall in no event be responsible or liable for the application or reinvestment of the proceeds of such sale."

The evidence also included excerpts of that portion of the Methodist Discipline relating to church property. The Discipline provides, among other things, that all property be conveyed to the church in trust "subject to the discipline, usage and ministerial appointments of said church as from time to time authorized and declared by the General Conference and by the Annual Conference within whose bounds the said premises are situated." The trustees required by the Discipline are to be nominated and elected by the church. The Charge Conference of the church is empowered:

"To direct the Board of Trustees with respect to the purchase, sale, mortgage, incumbrance, construction, repairing, remodeling, and maintenance of any and all property of the local church.

To direct the Board of Trustees with respect to the acceptance or rejection of any and all conveyances, grants, gifts, donations, legacies, bequests, or devises, absolute or in trust, for the use and benefit of the local church, and to require the administration of any such trust in accordance with the terms and provisons thereof and of the local law appertaining thereto.

To do any and all things necessary to exercise such other powers and duties relating to the property, real and personal, of the local church concerned as may be committed to it by the Discipline."

The Discipline also provides:

"Should a trustee of a local church or a director of an incorporated local church refuse to execute properly a legal instrument relating to any property of the church when directed so to do by the Charge Conference and when all legal requirements have been satisfied with reference to such execution, the said Charge Conference may by majority vote declare the trustee's or director's membership on the Board of Trustees or Board of Directors vacated."

Judge Fountain entered an order, in pertinent part, as follows.

"1. That the Judgment Debtor, the Church, under the Disciplines of the Church, has its real property conveyed

to a Board of Trustees, of which Mr. John Oglesby of Pitt County is the present Chairman;

2. That the creation of the Board of Trustees and their removal and replacement; the provisions, requirements, limitation, and control of the trust and the trustees are all subject to the Discipline of the United Methodist Church, the cestui que trust, which specifically reserves to itself the right to direct the possession and use of the trust property, and the right to direct and require any desired conveyance of title of the trust property and that the testimony of the Chairman of the Trustees and the Pastor of the Defendant Church was that the Trustees are mere title holders without discretionary powers, but subject to control of the Church.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1. That those properties of the Defendant Church which have been conveyed to the said Board of Trustees, are held in merged or passive trusts only; are not removed from liability for the debts of the Judgment Debtor and do not constitute a restriction on the Judgment Debtor's right from alienation.

2. That as a result of the Supplementary proceeding, the said Trustees have been brought before the Court and the said Trust properties have been determined by the Court to be subject to execution by the Judgment Creditor; and

IT IS FURTHER ORDERED that the Order of the Clerk be and the same is hereby reversed, and all of the Trust properties or estate held by the said Trustees for the benefit of the Defendant Church, be and the same are hereby made subject to execution by the Plaintiffs as Judgment Creditors, to be applied to the satisfaction of the said Judgment."
Defendant church appealed.

*R. Mayne Albright for plaintiff appellee.*

*Wallace, Langley, Barwick & Llewellyn by F. E. Wallace, Jr., for defendant appellant.*

VAUGHN, Judge.

[1]   Defendant's first argument, that the trustees have not been brought before the court and that they, as holders of record

title are not subject to the jurisdiction of the court, is without merit. The order of the court in the Supplemental Proceeding directing the Chairman to appear and answer was sufficient to bring the Board of Trustees before the court and make the Board of Trustees subject to its jurisdiction. *Cornelius v. Albertson,* 244 N.C. 265, 93 S.E. 2d 147.

[2] Defendant also argues the court erred in its findings of fact and conclusions of law. More specifically, defendant contends that the court erred in finding and concluding that the trustees were mere title holders without discretionary responsibilities, that the trust was passive and that the property was subject to sale under execution against the debtor.

We hold that the court correctly determined that the trust was passive. Among other things, the church has both actual possession and the right of disposal. *See Chinnis v. Cobb,* 210 N.C. 104, 185 S.E. 638; *Patrick v. Beatty,* 202 N.C. 454, 163 S.E. 572.

Where the trust is passive, the property is subject to sale under execution against the judgment debtor. G.S. 1-315 (a) (4).

Affirmed.

Judges MORRIS and BALEY concur.