F. O. VEGELAHN v. D. A. SMITH.

*Supplementary Proceedings—Code Practice.*

1. Proceedings supplemental to the execution are chiefly equitable in their nature and are in the nature of an equitable execution.

2. The fact that the sheriff has an *alias* execution in his hands unreturned, which was issued on the same judgment on which supplementary proceedings have been taken, is no bar to such proceedings, and no ground on which they can be dismissed.

3. An execution can issue on a judgment pending supplementary proceedings which have been taken out on the same judgment.

4. Since the adoption of the Constitution of 1868, the Superior Courts administer both legal and equitable rights, and when necessary both are administered in the same action.

(*Coats* v. *Wilkes*, 92 N. C., 276, cited and approved).

Appeal from a judgment of the Clerk, in a proceeding sup-
plemental to execution, heard by *Connor, Judge,* at January
Term, 1886, of NEW HANOVER Superior Court.

The plaintiff had judgment in the Superior Court against the
defendant. Execution issued thereon, and the Sheriff returned
the same wholly unsatisfied.

Thereupon, on the 7th day of October, 1885, the plaintiff
began proceedings supplementary to the execution. The Court
(the Clerk) made an order that the defendant appear and answer
concerning his property, &c., &c.

Pending these proceedings, on the 12th day of October, 1885,
at the request of the counsel of the plaintiff, another execution
issued upon the same judgment, and while it was in the hands
of the Sheriff, the defendant moved before the Court (the Clerk)
to dismiss the proceedings mentioned, and the motion was allowed.
From the order in this respect the plaintiff appealed to the Judge.

In term, the Judge considered of this appeal, and in that con-
nection, received and considered the affidavit of the Clerk of the
Court, to the effect that the Sheriff had returned the last men-
tioned execution after the appeal from the order last mentioned
wholly unsatisfied.

The Judge reversed the order of the Clerk dismissing the
proceedings, and directed that he take further action to the pro-
ceedings according to law. The defendant excepted and appealed
to this Court.

*Mr. Jno. D. Bellamy,* for the plaintiff.
*Mr. D. L. Russell,* for the defendant.

MERRIMON, J. (after stating the facts). A judgment credi-
tor is entitled to have his judgment satisfied, if need be, by a
sale of his debtor's property, except such parts thereof as may
be exempt from execution. The ordinary process to enforce
such judgment is that of execution against the property of the
debtor, and this process the creditor may have from time to time

while the judgment continues in force, until it shall be discharged. Indeed, executions may be so issued at the same time to different counties. The Code, §§ 441, 444.

If the Sheriff cannot find property of the debtor leviable, sufficient to satisfy the execution in his hands, and this fact appears from his return thereof, or by the affidavit of the creditor, or his agent or attorney, the statute (The Code, §§ 488, 500,) gives the further remedy of "proceedings supplementary to the execution." Such proceedings are chiefly equitable in their nature; they are in the nature of an equitable execution, and are intended to discover and reach the property of the debtor, of every nature and kind, and apply the same, according to law, to the payment of the judgment. *Coats* v. *Wilkes*, 92 N. C., 376.

When the ordinary execution is returned unsatisfied in whole or in part, the judgment creditor, at any time after such return, within three years from the time the execution is issued, is entitled to an order of the Court, requiring the debtor to appear and answer respecting his property. The Code, §488.

The chief object of this inquiry, is to ascertain what property the debtor has that ought to be applied to the payment of the judgment against him in favor of the moving creditor, that the Sheriff has not been able to find, levy upon and sell, in pursuance of the execution. It might be, that the debtor has property leviable of which the Sheriff has not knowledge. But the inquiry is not confined to leviable property, but it extends to all manner of property, including rights and credits.

And while an ordinary execution continues in the hands of the Sheriff, upon proof by affidavit of the creditor, his agent or attorney, to the satisfaction of the Court, or a Judge thereof, that the debtor residing in the judicial district where the Judge resides, has property which he unjustly refuses to apply toward the satisfaction of the judgment, such Court or Judge may require the debtor to appear and answer concerning such property, and proper proceedings may be had to apply the property to the

satisfaction of the judgment, as directed by the statute.    The Code, §488, par. 2.

It thus appears, that the currency of the ordinary execution in the hands of the Sheriff, does not necessarily so operate as to prevent such proceeding.   On the contrary, it seems that in a proper case, they and the execution may be concurrent.   If the execution in the hands of the Sheriff shall be satisfied, then upon proper application the proceedings will be dismissed; if the execution shall be satisfied in part, then the proceedings as to the unsatisfied part of the judgment may be prosecuted as prescribed by the statute, until the debtor has fully answered concerning his property, and so much of it as may be necessary has been applied to the liquidation of the judgment.

We can see no reason why an execution may not issue after such proceedings are begun in an action.   The latter are in the Court from which the executions issue, and both are in and of the same action, and under the control of the Court.   If the Sheriff should discover property, and the execution should be satisfied, then the proceedings would be arrested; otherwise, they would be prosecuted according to law.   It might be, that after the return of an execution unsatisfied, property of the debtor, leviable, might be discovered otherwise than by the proceedings supplementary to the execution.   If so, why may not another execution be issued, to the end that such property may be levied upon and sold?   What injustice could it work to the creditor or the debtor?   Why should it supersede and displace the proceedings?   There is nothing in the nature of either that renders such a result necessary.   If it be said, the proceedings are pending, and the equitable jurisdiction has attached to the debtor and his property and the action, the answer is, that the proceedings and the execution are in and of the same action and in the same Court, and that Court applies and administers both legal and equitable remedies in the same action, as the circumstances of the case may require.   The execution and the proceedings are alike, and both under the control of the same Court, in the

17

same action, and it may apply each in aid of the other, and both to enforce the judgment. The present procedure in Courts is essentially different from that which prevailed before the adoption of the present Constitution. Before that time, there were Courts of law, and distinct Courts of equity—now, Courts of law and equity are the same, and princples of law and equity are applied and administered in the same Court, and, when need be, in the same action.

The statute of this State, in respect to proceedings supplementary to the execution, is substantially like that of the State of New York on the same subject, and the Courts of that State have repeatedly decided, that a new execution—one issuing after such proceedings began—does not supersede the same, unless it clearly appears that the property levied upon is the undisputed property of the debtor, and is sufficient to satisfy the judgment. *Sale* v. *Lawson*, 4 Sandf., 718; *Lillienthal* v. *Fellerman*, 11 How. Pr., 528; *Farqueharson* v. *Kimball*, 18 Id., 33, and see numerous cases cited in 2 Bliss (N. Y.) Ann. Code, §558, t.

So that we do not hesitate to decide, that the execution issued after the proceedings supplementary to the execution began in this case, did not have the effect to supersede the same, nor did it warrant the order of the Court (the Clerk), dismissing the proceedings. It did not appear, nor was it even suggested, that the execution had been levied upon property of the debtor at all; but it did appear before the Judge, that it had been returned wholly unsatisfied. The Judge properly reversed the order, and his judgment must be affirmed.

Let this opinion be certified to the Superior Court, to the end that further action may be taken there according to law. It is so ordered.

No error.                                             Affirmed.