THE FARMERS AND MECHANICS NATIONAL BANK OF WEST-MINSTER v. J. F. BURNS et al.

*Execution—Supplementary Proceedings—Affidavit.*

An affidavit by a judgment creditor, his agent or attorney, that an execution has been issued upon his judgment—though it has not been returned—and that defendant has not sufficient property "subject to execution" to satisfy the judgment, but has property, "not exempted from execution," which he unjustly refuses to apply to its satisfaction, is sufficient to support an order for the examination of the debtor, and persons alleged to be indebted to him; and, also, an order forbidding the disposition, by the latter, of any effects belonging to the judgment debtor. (*Hinsdale* v. *Sinclair*, 83 N. C., 338, distinguished.)

SUPPLEMENTARY PROCEEDINGS, heard before *Boykin, J.,* at August Term, 1891, of MOORE Superior Court, on appeal from the Clerk.

The plaintiff obtained its judgment against the defendants for $1,089.83, with interest, in the Superior Court of the county of Moore, on the 17th day of August, 1885, and the same was duly docketed in that county. No part of the same has been paid. It appears, by the affidavit of the agent of the plaintiff, that an execution upon the said judgment was, on June 26th, 1890, issued to the Sheriff of Moore County, in which both of the said defendants reside, said execution being against the property of both of said defendants, and that the said execution still remains in the hands of the said Sheriff, not having been returned by him. That affiant is informed and believes that the defendants have not sufficient property subject to execution in the State of North Carolina to satisfy the said judgment, but that the said defendants have property, money and choses in action not exempt from execution, which they unjustly refuse to apply toward the satisfaction of the said judgment. That affiant is informed and believes T. B. Burns and Robert L. Burns and Ann R. Burns have property of J. F. Burns, one of the judgment debtors aforesaid, and are indebted to him in an amount exceeding ten dollars.

Thereupon, and on motion of the plaintiff, the Court (the Clerk) made its order, on the 26th day of June, 1890, requiring the defendants to appear on the 8th day of July, 1890, " to be examined and make discovery, on oaths, concerning their property, joint and separate," and likewise requiring the said T. B. Burns, Robert L. Burns and Ann R. Burns to appear also, " to be examined and answer on oath concerning the property of J. F. Burns," defendant, in their possession and concerning their indebtedness to him, and an order was entered forbidding them " to transfer, or make any other disposition of any property belonging to said defendants, not

exempt by law from execution of said indebtedness, or in any manner to interfere therewith until further order in the premises."

The defendants moved before the Court (the Clerk) to dismiss this proceeding, supplementary to the execution, for insufficiency of the affidavit made by plaintiff, for the reason that said affidavit showed that execution had been issued, but not returned by the Sheriff at the time of the commencement of the said proceedings, and that the defendants had property, money and choses in action not exempt from execution; and in that said affidavit failed to show the existence of property, choses in action and things of value unaffected by any lien and incapable of levy.

The defendant also moved, before said Clerk, to modify the order issued by him, so as to dissolve the restraining order forbidding T. B. Burns and Robert L. Burns to dispose of any property in their hands, on the ground that no notice or any other process had been served on said T. B. Burns and Robert L. Burns, nor were they parties to said proceedings.

The Clerk refused to dismiss the proceedings for the alleged insufficiency of the affidavit, and also refused to modify said order; and from this ruling the defendant appealed to the Judge. Upon the hearing the Judge affirmed the ruling of the Clerk, and refused to dismiss the proceedings and to modify said order, and to this ruling the defendant excepted and appealed to the Supreme Court.

*Messrs. W. J. Adams* and *J. W. Hinsdale,* for plaintiff.
*Mr. W. C. Douglass,* for defendant.

MERRIMON, C. J.—after stating the case: The statute (*The Code,* § 488, par. 2) prescribes that, "After the issuing of an execution against property, and upon proof by affidavit of a party, his agent or attorney, to the satisfaction of the Court or a Judge thereof, that any judgment debtor residing in the

judicial district where such Judge or officer resides, *has property which he unjustly refuses to apply toward the satisfaction of the judgment*, such Court or Judge may, by an order, require the judgment-debtor to appear at a specified time and place to answer concerning the same," etc. The affidavit objected to, substantially in all respects, is a compliance with this statutory provision. It appears from it that an execution was in the hands of the sheriff; that the defendants therein had not property sufficient, subject to execution, to satisfy the judgment; that they "have property, money and choses in action not exempt from execution, *which they unjustly refuse to apply toward the satisfaction of the said judgment.*" Thus the foundation for the order complained of was laid almost in the very words of the statute, and the case was presented in which the judgment-creditor became entitled to examine his judgment-debtor. Although the execution was in the hands of the Sheriff, it may be that the property so subject to execution could not be found; it may have been hidden; the debtors also may have had money, choses in action, etc. The statute intends that when the debtor refuses to apply such property to the satisfaction of the judgment, he must, when duly required, answer concerning the same, to the end the Court, in a proper way, may so apply the property to which the debtor may direct attention.

It was said on the argument that if the property is "not exempt from execution," as stated in the affidavit, why not levy upon and sell it? why require the examination of the defendants? The explanation and reason are given above. Here, however, the words "not exempt from execution," must be taken with the other parts of the affidavit, and it sufficiently appears that they were intended to imply that the defendants had such property not exempt from execution as part of the homestead or personal property exemption of the debtor. The affidavit states in another part of the same paragraph of it, that the defendants "have not

sufficient property subject to execution." to satisfy the judgment. Clearly, the affidavit was sufficient to warrant the order under the clause of the statute cited above.   *Vegelahn* v. *Smith*, 95 N. C., 254.

The case of *Hinsdale* v. *Sinclair*, 83 N. C., 338, is not in point here, because the statute interpreted by it is not the same, in material respects, as the present pertinent statute. (See Bat. Rev., ch. 17, § 264, ¶ 2). The present statute provides, as the former one did not, that the "creditor shall be entitled to the order of examination under this subdivision, and under subdivision one of this section (that cited above), although the judgment-debtor may have an equitable estate in land subject to the lien of the judgment, or may have choses in action, or other things of value, unaffected by the lien of the judgment and incapable of levy."

The order forbidding T. B. Burns, Robert Burns and Ann R. Burns " to transfer or make any other disposition of any property belonging to said defendants not exempt by law from execution," was not inappropriate or unwarranted. The purpose was not to restrain or affect these persons as to their own property, but expressly to prevent them from disposing of property of defendants in their hands, custody and control. The statute (*The Code*, § 490), expressly prescribes that persons having property of the judgment-debtor may be examined in respect to the same, and mere notice is sufficient to bring them before the Court and make them subject to its jurisdiction for the purpose of securing the debtor's property—not for the purpose of contesting any right of such persons having the same. If they claim an interest in the property, or that the same belongs to them, they may so properly suggest; in which case their rights may be litigated as intended and provided by the statute (*The Code*, § 497). In such case the Court has power to forbid the disposition of the property until a receiver can be appointed and bring action to litigate the matter in dispute.

But the Court would not have authority in such proceedings to make a party subject to an injunction as to his own property, he not being a party to the action. The case of *Coates* v. *Wilkes*, 94 N. C., 174, cited by the defendants, has no application here. In that case, Wilkes, the wife, was not a party, nor did the order in question extend simply to the property of the judgment-debtor.

Affirmed.