McKEITHEN v. BLUE.

(Filed October 23, 1906).

*Allotment of Homestead—Rights of Judgment Debtor—Exceptions to Allotment—Practice.*

1. Under Art. X, secs. 1 and 2, of the Constitution, and Rev., sec. 688, a judgment debtor is entitled to an opportunity to be present and exercise his constitutional right to select his homestead; and where it appears upon the face of the return that he was not present, by no fault of his own, the appraisal and allotment of a homestead under an execution is void.

2. While the defendant's exceptions to the allotment did not comply with the requirements of Rev., sec. 699, and while the proceeding is not, in some respects, regular, yet it appearing that the defendant's constitutional right had not been preserved, the matter of form becomes immaterial, and the facts having been found by the Judge and all the parties being before the Court, the proceeding may be treated as a motion in the cause, and relief administered.

ACTION by N. A. McKeithen against N. A. Blue, heard by *Judge Fred. Moore* at the March Term, 1906, of the Superior Court of MOORE.

The Sheriff of Moore County having in hand, for collection, an execution issued upon a judgment in favor of the plaintiff against the defendant, summoned appraisers to allot and set apart to said defendant his homestead and personal property exemptions. On 6 January, 1906, the Sheriff, by his deputy, together with said appraisers, went to the home of the defendant for the purpose of notifying him of their proceeding and giving him an opportunity to select his homestead and personal property exemption, and also for the purpose of laying off and allotting the defendant's homestead and personal property exemption; that the defendant was not at his home, but was in the country, and his absence had no connection with the visit of the Sheriff and jurors. That thereupon and without notice to the defendant, the said jurors, after being duly sworn, laid off and allotted to the defendant his homestead, etc., and signed the return thereof. That said return was delivered to the Sheriff, with the execution, who on 18 January, 1906, filed same in the office of the Clerk of the Superior Court of Moore County. No minute of said return has been made on the execution, minute or judgment docket in said Clerk's office. On 22 January, 1906, the defendant, by his attorney, filed exceptions to said allotment in the office of the said Clerk, which were attached to the said return. No undertaking for cost was filed with said exceptions, but on 5 March, 1906, a check for one hundred dollars was filed with said Clerk in lieu of such undertaking. On 5 March, 1906, additional exceptions were filed to said returns. No notice of said exceptions, filed on either day, was given plaintiff or his attorneys or the Sheriff of Moore County. The attorneys for plaintiff entered a special appearance for the purpose of lodging a motion to dismiss the exceptions. His Honor, after finding the foregoing and other facts not material to the disposition of the appeal, declined to pass upon the questions raised or attempted to be raised by said exceptions, and dismissed the proceeding, including

the exceptions. To this judgment defendant duly excepted and appealed.

*U. L. Spence* for the plaintiff.

*H. F. Seawell* and *Murchison & Johnson* for the defendant.

CONNOR, J., after stating the case: Among other exceptions filed by the defendant, is the following: "Because he was not given an opportunity to be present and select such portion of his property as he might choose to constitute his homestead and be exempt from levy and sale under execution."

His Honor and the counsel in the cause treated this proceeding as an exception, filed by defendant, pursuant to the provisions of Rev., sec. 699, because he was "dissatisfied with the valuation and allotment of the appraisers," etc. The procedure prescribed by that section of the Revisal is clear and explicit. If defendant's contention be treated as coming within the statute, we concur in the opinion of his Honor that it cannot be sustained. He failed in several material and essential particulars to comply with its plain requirements. This is settled, both by the language of the statute and the decision of this Court in *Allen v. Strickland,* 100 N. C., 225.

We are of opinion, however, that the basis of defendant's exceptions to the action of the Sheriff and appraisers involves his constitutional and statutory right to select his homestead and to that end to have notice of the time of its appraisal and allotment. Const., Art. X, secs. 1 and 2, are explicit in guaranteeing to every resident of the State his homestead and personal property exemption of the value fixed—"to be selected by the owner thereof." The statute, Rev., sec. 688, in accordance with the Constitution, provides that the appraisers, after being "sworn, shall proceed to value the homestead with the dwelling and buildings thereon and lay off to

said owner such portion as he may select, or to any agent, attorney or other person in his behalf," etc. To meet the contingency of the owner of the homestead not being present to exercise his right of selection, it is provided by sec. 693 as follows: "In case no election is made by the owner, his agent, attorney or any one acting in his behalf, of the homestead to be laid off as exempt, the appraisers shall make such election for him, including, always, the dwelling and buildings used therewith." A similar provision in respect to the selection of the personal property exemption is made by sec. 697. It is thus apparent that the defendant was entitled to an opportunity to be present and exercise his constitutional right to select his homestead, and, as it appears upon the face of the return he was not present, by no fault of his own, the appraisal and allotment was void. This is held in *McGowan v. McGowan,* 122 N. C., 165. In that case the present *Chief Justice* said: "The Constitution, Art. X, sec. 2, gives him the right to make the selection, and The Code, sec. 503, provides that the appraisers shall lay off such portion as he may select. As it appears that this was not done, and that the petitioner was given no opportunity to select, it was error to dismiss the exceptions. They should have been sustained and the matter remanded to the appraisers that they might give the defendant such opportunity." We think this conclusive of the defendant's right. While his proceeding was not, in some respects, regular, we think that it having been called to the attention of the Court that his constitutional right had not been preserved, the matter of form becomes immaterial. We may treat the proceeding as a motion to bring up the record or as a rule upon the Sheriff to show cause why the appraisement should not be set aside as invalid. From either point of view, the facts having been found by his Honor and all the parties being before the Court, we see no reason why the proceeding should not be treated as a motion in the cause, and relief administered. The cause should be remanded

with direction to the Court below to set aside the appraisement, for the reasons given, and an order that the appraisers, after notice to the defendant, proceed to appraise and allot his homestead as provided by law.

Reversed.