### In re J. M. MONROE & CO.

#### (District Court, E. D. North Carolina. August 24, 1907.)

BANKRUPTCY—EXEMPTIONS—ALLOWANCE OUT OF PARTNERSHIP PROPERTY.

    Members of a bankrupt partnership are not entitled to the allowance of exemptions out of the partnership property under the law of North Carolina, which requires the consent of all the partners to such allowance where at the proper time for claiming the exemptions, and when they were claimed, other members objected, though an attempt was subsequently made to withdraw the objections, and where also it was not shown that the claimants did not have individual property which was exempt.

In Bankruptcy. On review of decision of referee denying exemptions.

W. B. Jones, for bankrupts.
D. E. McIver, for trustee.

PURNELL, District Judge. The referee certifies the following findings of fact and conclusions of law:

"That on June 1, 1906, the partnership was composed of J. M. Monroe, A. C. Thomas, J. D. Walker, and H. G. McIntosh, doing business at Swann Station, N. C., under the firm name of J. M. Monroe & Co., and were insolvent. On June 1, 1906, H. G. McIntosh sold his interest in said copartnership to A. C. Thomas, and gave no notice to creditors, practically all the indebtedness existing at that time. On June 28, 1906, J. M. Monroe, A. C. Thomas, and J. D. Walker, as J. M. Monroe & Co., executed a deed of assignment for the benefit of creditors to John S. McIver. On the 11th day of July, 1906, certain creditors filed a petition asking that J. M. Monroe, H. G. McIntosh, A. C. Thomas, and J. D. Walker, copartners doing business as J. M. Monroe & Co., be adjudicated bankrupts. On the ——— day of July, 1906, John S. McIver undertook to allot to J. M. Monroe and J. D. Walker, without any process of law or authority from any court, personal property exemptions from the stock of goods, wares, and merchandise, the partnership property;

but the exemptions were never delivered to Monroe and Walker. On the 23d day of July, 1906, the said copartners were adjudicated bankrupt in accordance with the petition, including H. G. McIntosh as one of the partners. August 6, 1906, two of said partners, H. G. McIntosh and A. C. Thomas, filed with the court a protest in writing, refusing assent to the allotment of personal property exemptions to J. D. Walker and J. M. Monroe from the partnership property. That on the 13th day of August, 1906, A. C. Thomas and H. G. McIntosh were examined by attorneys for creditors, and each for himself, under oath, expressed his dissent to the allotment of the said personal property exemptions from the partnership property. That on the 29th day of August, 1906, J. M. Monroe and J. D. Walker filed a petition praying that their exemptions, allowed by law, be allotted to them from the partnership property of J. M. Monroe & Co. On the 17th day of September, 1906, A. C. Thomas filed with this court a petition, asking to be allowed to withdraw his dissent filed August 6, 1906. On November 16, 1906, A. C. Thomas filed a petition asking to withdraw his petition filed September 17, 1906, and reaffirming his dissent to the allotment of personal property exemptions to Monroe and Walker from partnership property, and that on November 22, 1906, by petition filed, he withdrew his dissent. That H. G. McIntosh has never consented to allotment of the exemptions of Monroe and Walker from the partnership property. On the 14th day of January, 1906, J. M. Monroe, one of the petitioners, moved to the state of Mississippi with his family. That it was his intention to return to North Carolina when he had accumulated sufficient funds to buy out his copartners in the firm of J. M. Monroe & Co., which time was indefinite and uncertain.

## "Conclusions of Law.

"That the attempted allotment of the personal property exemptions of J. M. Monroe and J. D. Walker, by John S. McIver, assignee, is invalid and void. That J. M. Monroe, J. D. Walker, A. C. Thomas, and H. G. McIntosh are not entitled to personal property exemptions from the partnership assets, because of the failure of all the parties to consent. That the time, place, and opportunity contemplated by the bankrupt act, and provided therein for bankrupts to claim their exemptions under sections 2, 6, 7, Act July 1, 1898, c. 541, 30 Stat. 545, 548 [U. S. Comp. St. 1901, pp. 3420, 3424], was given to A. C. Thomas and H. G. McIntosh, and that at such time and place they filed in writing their dissent to exemptions being allowed J. M. Monroe and J. D. Walker, and also under oath expressed this as their intention under the opportunity given them by the act. It is the opinion of the referee that A. C. Thomas cannot now play shuttle-cock with this proceeding in bankruptcy, by filing to-day a dissent and to-morrow an assent subsequent to his first declared intention in the premises.

The bankrupt act provides that the exemptions provided for under the several state Constitutions shall be allowed to the bankrupts in the amounts provided by such Constitution; but the manner and form in which these shall be allotted to the bankrupt, and the time and place where he shall claim or disclaim the same, is provided in the act itself, and does not follow the state procedure, as provided in the Revisal of 1905. In the case of McKeithen v. Blue, 142 N. C. 360, 55 S. E. 285, Mr. Justice Connor in a very able opinion explains clearly the procedure under Const. art. 10, §§ 1, 2, and sections 693–697, Revisal 1905. The bankrupt act, it seems, anticipating the difficulties in allotting to bankrupts their exemptions under state Constitutions, provided in the act the time and place and the manner and form in which allotments should be made. Section 7 of the act provides that bankrupts shall attend the first meeting of creditors, and, in subsection 8, that bankrupts shall prepare within 10 days, unless further time is granted, a claim to such exemptions as he may be entitled to. Under the provisions of this section, A. C. Thomas and H. G. McIntosh appeared at the first meeting of creditors, the time and place provided for them to claim their exemptions, and within the 10 days allowed filed their dissent, and under oath swore that the dissents so filed in writing was their intention at the time. A trustee had been elected at this time, and was ready to allot such exemptions. J. D. Walker and J. M. Mon-

roe at this first meeting of creditors claimed their exemptions; but one of the partners, at least A. C. Thomas, having dissented, the said Walker and Monroe were not entitled to have allotted to them the exemptions claimed.

It is the opinion of the referee that, for the purpose of this proceeding, H. G. McIntosh's dissent, which is still in force, would bar the said Monroe and Walker of their exemptions without considering that of A. C. Thomas. But leaving McIntosh's dissent, for the sake of argument, out of the determination of this question, it is the opinion of the referee that the dissent of A. C. Thomas filed at the first meeting of creditors as mentioned above is sufficient to prevent Monroe and Walker from taking their exemptions from the partnership assets, and that the dissent having been filed in the manner and form prescribed by the act under sections 2, 3, 6, 7, and general order 17, which corresponds to an allotment under the Constitution, and the provisions of the Revisal of 1905, that his subsequent dissent cannot be considered, as he had a time and place and opportunity to claim the same, and disclaimed it; and that he cannot afterwards come in and claim that he is entitled to file a dissent and a consent as his pleasure or purpose may dictate. The procedure had under the act corresponds to an allotment, and, this having happened, he must be held to his election made at the time in the premises. The similarity of proceedings of allotment under the act to that of the allotment under the Constitution and Revisal is not adverted to in the briefs of counsel.

In the evidence given at the examinations held on August 13th, A. C. Thomas states that he is worth the sum of $300 or $400 in personal property. And in the District Court decisions under the bankruptcy act in Re Wilson, 101 Fed. 571, In re Duguid & Son, 100 Fed. 274, In re Woodard, In re Grimes, 94 Fed. 800, In re Steed & Curtis, 107 Fed. 682, it is decided as follows: That in allowing a personal property exemption out of firm assets, even if the partners consent, that it must appear clearly that the members of the firm have no individual property exemption exclusive of the firm assets. If they have such property, then the exemptions cannot be allowed from the firm assets.

For the reasons set forth, the referee is of the opinion that the dissents filed by A. C. Thomas cannot be considered and should be overruled, and that no exemptions can be allowed to J. D. Walker and J. M. Monroe from the assets belonging to the copartnership of J. M. Monroe & Co. That J. M. Monroe was a resident of the state of North Carolina at the time of the adjudication in bankruptcy."

Bankrupts appealed from the ruling of the referee refusing to allow them their personal property exemptions out of partnership property on the ground of dissent thereto by two of the partners. Three dissents and three consents were filed. This looks like trifling with the court, and the order of the referee refusing to allow a personal property exemption out of firm assets is affirmed. That officer has seen and heard the witnesses testify, hence knows more about the real facts in the case than a judge on appeal can know from written testimony. The trustee and creditors object to the allotment.

This case was set down for hearing, but neither the parties nor their counsel appeared. Personal property exemptions are favored as provided for in the state law, but are not handed to parties as on a silver waiter. Certain duties and burdens rest on the party claiming an exemption. He must show affirmatively that he is entitled thereto, and, when it is asked out of firm assets, that he had no personal property exemption independent of the firm property, and the other members of the firm consent that he shall have it out of the assets.

It is therefore ordered that as to findings of fact and conclusions of law the report be, and the same is hereby, affirmed.