N. A. McKEITHEN v. N. A. BLUE.

(Filed 11 November, 1908).

1. **Execution, Issuance of—Requisites.**

It is necessary for the issuance of an execution that it be actually or constructively delivered to the sheriff, and when it is made out, but not sent out of or issued from the Clerk's office, and memorandum of "execution" is entered on the docket, it is not sufficient, under Revisal, sec. 619, and does not prevent the judgment from becoming dormant.

2. **Judgments, Dormant—Execution Defective—Procedure—Motions.**

A dormant judgment is not affected by executions made out by, but not issued from, the Clerk's office; and it is open to defendant to move before the Clerk, or before the Superior Court on appeal, that the judgment be declared dormant and that all such executions be recalled, for the reason that no executions had, in fact, been issued.

3. **Judgments, Dormant—Execution Defective—Irregularity—Sale—Innocent Purchaser, etc.**

Failure to have given to the judgment defendant notice of an execution issued under a dormant judgment is only an irregularity, and does not invalidate a deed to lands, sold under the execution, made to an innocent purchaser for value, without notice of the irregularity.

4. **Execution—Issuance—Time to Issue—Notice—Statutes.**

Under Revisal, 1905, secs. 619, 620, authorizing a party to proceed to enforce a judgment by execution within three years, and requiring notice to defendant before issuance of execution, where no execution has been issued within three years, the issuance of an execution after three years without notice is only an irregularity, and a sale without objection gives to a stranger, purchasing without notice, title to the property.

5. **Execution—Issuance—Irregularity—Waiver.**

Where a judgment defendant appeared before the Superior Court in homestead appraisement proceedings and moved to set the same aside on the ground that he had not been notified of the time or place of appraisement, without asserting that the execution was defective, he waived the irregularity that it was issued without notice to him, as required by Revisal 1905, sec. 620.

ACTION heard by *Jones, J.,* January Term, 1908, of MOORE. Defendant appealed.

*U. L. Spence, W. J. Adams* and *T. H. Calvert* for plaintiff.
*J. McN. Johnson, J. W. Hinsdale, Jr.,* and *H. F. Seawell*
for defendant.

HOKE, J. The facts relevant to this controversy seem to
be that, in 1896, plaintiff obtained a judgment against de-
fendant for the sum of $610, and some interest, and same
was duly docketed in Moore County on February 27, 1896.

From the entry in the Clerk's docket in said county, it
appeared that executions were issued on this judgment at
regular intervals, and within three years of each other, until
Dec. 30, 1905, when a final execution issued and was placed
in the hands of the sheriff of said county, who proceeded to
summons appraisers to lay off and allot defendant his home-
stead, as required by law. These appraisers allotted said
homestead, finding an excess, and made return of their action
pursuant to the statute. Thereupon, defendant filed excep-
tions to said allotment, claiming that same was made in his
absence, and without any notice to him of such proceedings.
The exception was, in effect, overruled by the Judge on a
hearing had, and defendant appealed to this Court.

On such appeal it was held that substantial wrong
had been done defendant in allotting his homestead without
giving him proper notice and opportunity to be present, and
that the same amounted to reversible error, and should be
corrected. See *McKeithen v. Blue,* 142 N. C., 360. This
opinion having been properly certified down, the matter came
on for hearing at May Term, 1907, of the Superior Court,
before his Honor Peebles, J., when defendant, by his attor-
neys, moved in effect, that the judgment be declared dormant
and all executions therein be recalled, for that no executions
had in fact issued on said judgment previous to that of De-
cember 30, 1905, since the rendition of the judgment, but
that same had only been filled out by the Clerk and filed in
his office as memorandum, made on docket, execution, etc.,

from time to time, as indicated in the record, but that same had never been delivered to the Sheriff, or other executive officer, nor to any one for them.

His Honor, Judge Peebles, declined to consider this motion or suggestion, holding that the same was not relevant to any proceedings before him, and entered judgment pursuant to the opinion of the Supreme Court, setting aside the appraisement, and appointing three commissioners to reallot the homestead. A writ therefore issued, the homestead was reallotted, finding no excess of property subject to sale, and return made to Court, and defendant filed exceptions to this reallotment, alleging various irregularities in the proceedings. In the meantime the defendant moved before the Clerk to declare the judgment dormant and to recall all executions issued on same, which was heard before the Clerk in August, 1907, when judgment was rendered denying the motion, and defendant excepted and appealed to the Judge.

The cause then came on for hearing, as stated, before his Honor, Jones, J., at January Term of the Superior Court, and was heard and determined both on the exceptions entered to the reallotment of the homestead, made pursuant to Judge Peebles' order, and on the appeal from the judgment of the Clerk, refusing to declare the judgment dormant, and on the hearing before his Honor, he affirmed in all things the proceedings had reallotting the homestead and the judgment of the Clerk, and defendant, as stated, appealed to this Court.

Both the Clerk and the Judge find that the executions purporting to have been issued previous to that of December 30, 1905, were not sent out of the Clerk's office, or issued therefrom, but were only filled up by him and memorandum of "execution" made on the docket as indicated. On this statement and finding, the authorities are to the effect that this was no sufficient or proper issuing of an execution, as contemplated and required by the statute to prevent, and the judgment was therefore dormant at the time the execution

was issued, on 30 December, 1905, and being the one under which the defendant's homestead was first allotted. *Webster v. Sharp,* 116 N. C., 466; 8 Ency. Pl. & Pr., 433.

In this last citation it is said:

"The writ while it remains in the Clerk's office is not issued, but it must be actually or constructively delivered to the sheriff before it can be properly said to have been sued out with intent to have it executed."

This being the correct position, we are inclined to the opinion that it would be open to defendant to make his motion either before the Clerk, as he did, or before the Superior Court on the rehearing of the appraisement, as he endeavored to do; for we do not think that there is anything in the former opinion of the Court which conclusively forbids such a course. But, notwithstanding this, we are of opinion that no reversible error appears in the record to the defendant's prejudice, for the reason that there is no claim on the part of defendant nor evidence tending to show that he or any one else has paid the judgment, or any part of it, and there is therefore no substantial merit in his application. For the judgment though dormant was not dead, and while the statute addressed to this question, Revisal, secs. 619-620, requires that notice be issued to defendant before leave of execution shall be allowed, when there has been no execution issued within three years next preceding the application, as a matter of fact, the Clerk did issue the execution of 30 December, 1905, and his having done so without notice, is very generally held to have been at most an irregularity. If there had been no objection made and the officers had proceeded to sell the excess found in the first appraisement, a stranger purchasing without notice would have acquired the title. *Lytle v. Lytle,* 94 N. C., 683.

The execution, therefore, though issued without notice, was in no sense a nullity, and defendant having appeared before the Superior Court in the appraisement proceedings

and moved to set the same aside for that he was not notified of the time or place of appraisement, and having contested the proceedings under the execution on that ground alone, making no assertion or claim that the execution was in any way defective, and the defect being, as stated, only an irregularity, we are of opinion, and so hold, that this should be considered a waiver of irregularities not specified, and the defendant should not be allowed to repudiate this waiver and avoid its effects, without any assertion or claim of payment or other substantial defense. Process formally issued and acted on, and only defective by reason of irregularities of this character, are not as a rule recalled and the results under it set aside or disturbed on showing that such irregularities existed without more. It is nearly always required that in addition there should be claim or evidence which reasonably tends to establish merit in the application. *Flowers v. King,* 145 N. C., 234; *LeDuc v. Slocomb,* 124 N. C., 347. And we think this is a case which clearly calls for an application of this principle. The plaintiff having a judgment against defendant duly docketed, and with only two months of its existence remaining, and being under the impression from the entries on the Clerk's docket that executions had been issued at regular and proper intervals, caused a final execution to issue, under which defendant's homestead was allotted. On the return of the appraisers, defendant appeared, as he had a right to do, and excepted for that he had not been notified of the time or place when his homestead was allotted. He contested the allotment on this ground alone, and succeeded in having a reallotment of his homestead, all the time recognizing the validity of the execution. And we are of opinion, as stated, that in the absence of any claim of payment, or any evidence tending to establish it, and when the life of plaintiff's judgment would have otherwise expired, defendant should not be allowed to change his position and avoid the effect of his waiver.

:  There is no error in the judgment of the Court below that the reallotment be in all things affirmed, and be registered according to law.

Affirmed.