S. P. BOSEMAN ET AL. v. W. E. McGILL.

(Filed 25 October, 1922.)

**1. Judgments.**

A judgment against the bidder on lands at a public sale for the purchase price, who has failed to respond, adjudging the amount of the judgment a lien upon the lands and ordering foreclosure, is a final judgment as to matters therein embraced, and conclusive between the parties.

**2. Appeal and Error—Judgments—Supplementary Proceedings—Objections and Exceptions—Case on Appeal—Certiorari.**

Supplementary proceedings taken upon a final judgment not excepted to or appealed from, with exception only as to matters embraced in the order in the proceedings, does not permit a review of the judgment, but only of matters excepted to in the special proceedings; and where, upon the failure to docket the case in time in the Supreme Court, the appellant's motion for a *certiorari* is allowed, it brings up for review only the exceptions taken in the special proceedings, and appealed from.

**3. Judgments—Liens—Vendor and Purchaser—Sales—Bidders—Supplementary Proceedings—Foreclosure—Examination of Debtor.**

Where a judgment orders the foreclosure of lands to pay the purchase price, and the plaintiff makes it appear in proceedings supplementary to execution that the value of the land is insufficient, and that the defendant has funds in the hands of a third party, it is not required of the plaintiff that he await the result of the foreclosure sale before an order can be made that the holder of defendant's funds pay the same into court to await the court's further orders respecting it, it being made to appear that the defendant had no other funds subject to the payment of the balance that would be due on the judgment after applying the proceeds from the foreclosure sale of the lands.

**4. Same—Evidence.**

Where, upon the report of commissioners to sell land at a judicial sale subject to a lien, it appears that the land brought a fair and reasonable price, which was found as a fact by the clerk, and the order of sale confirmed by the judge, and it further appears that the price so obtained was less than the amount of the judgment, the judgment creditor may obtain an order, in proceedings supplementary to execution, upon proper affidavit, by showing that execution had been issued, though not then returned, and that the judgment debtor had property available in the hands of a third person, subject to the payment of the judgment debt, and which he unjustly refuses to apply thereto. C. S., 712, 719. C. S., 711, does not apply to the facts of this case.

**5. Same—Actions—Remedies.**

Where the land of a judgment debtor is subjected to a specific lien for its payment, the judgment creditor may proceed against the debtor *in personam*, may compel payment by proceedings *in rem*, or pursue both remedies at the same time. C. S., 663.

**6. Same—Order Upon Third Persons.**

Where it appears, in proceedings supplementary to execution, that a third person has funds of defendant available for the judgment debt, etc., an order may be made by the court forbidding such third persons to dispose of the fund.

**7. Same—Statutes.**

*Held,* under the facts of this case, an order for the examination of the judgment debtor and others, in proceedings supplementary to execution, was properly made under the provisions of C. S., 721.

**8. Same—Execution.**

Where, upon the plaintiff's affidavit, the clerk finds as a fact that execution under the judgment had been issued, in proceedings supplementary to execution, it is sufficient to sustain his order in that respect for the examination of the defendant and others, etc., which the lack of the return of the execution does not affect.

**9. Same—Property Available.**

Objection that the plaintiff, in proceedings supplementary to execution, has not shown, in support of the order to examine the defendant and others, that the defendant had no other property, etc., cannot be sustained when this averment is made in the plaintiff's affidavit, without denial. *Bank v. Burns,* 109 N. C., 105, cited and approved.

APPEAL by defendant from *Lyon, J.,* at chambers in Elizabethtown, 30 December, 1921.

In this action the plaintiffs recovered judgment for $7,690, with interest, as the purchase price in a contract to purchase certain land. The judgment was declared to be a specific lien upon the land described in the complaint, and a commissioner was appointed to sell the land and report to the court, and there were directions in the judgment as to the application of the proceeds of the sale.

The land was sold at public auction on 21 November, 1921, and was bid off at the price of $7,000, but the purchaser, a colored man, being insolvent and unable to comply with his bid, the property was again offered for sale several times, and was finally sold for $5,500, and one of the commissioners, who was also attorney for the defendant, reported to the court that "said price is fair and reasonable."

On 25 November, 1921, execution was issued and placed in the hands of the sheriff, which the clerk finds as a fact, and he further finds, upon affidavit, "the recovery of above judgment of $7,690, with interest from 5 January, 1921; that the judgment had been docketed; that execution had been issued thereon and placed in the hands of the sheriff of Cumberland, where the defendant resided; that the property upon which the plaintiff had a lien was insufficient in value to satisfy the judgment; that there was no known property of the defendant that is liable to execution, and no equitable estate in lands within the lien of the judgment; but that defendant has property, choses in action, and other things of value not exempt from execution, which he unjustly refuses to apply toward the satisfaction of said judgment; that C. G. Rose and C. J. Cooper have property of the said W. E. McGill which exceeds in value $10.00, and consists of cash and securities; and that they are indebted to the said McGill." The clerk thereupon issued an order for examination of McGill, Rose, and Cooper, directing them to appear before him to answer concerning the property of the defendant W. E. McGill, and restraining any transfer, etc., of the property.

The defendants McGill, Rose, and Cooper all failed to file answer, and, after examination of said Rose and Cooper, the court, after finding that plaintiffs had secured judgment, and that the lands upon which plaintiffs had a lien were insufficient to satisfy the same, and that execution was issued on said judgment and plaintiffs had filed the necessary affidavits, further finds as a fact that C. G. Rose has in his hands $4,300 which is the property of W. E. McGill, and after allowing $500 as his personal property exemption, adjudged that the sum of $3,800 now in the hands of the said C. G. Rose be condemned to be applied to the plaintiff's judgment in this action, and ordered that the said Rose should at once pay the same into the court to await the sale and confirmation of the land upon which the plaintiffs have a specific lien in this action, and retained the cause for further orders. The defendant appealed, and the entire record was transmitted to Lyon, J., at the request of the appellant and by consent of the appellees, the defendant's counsel having appeared by brief, the court "considered and adjudged that the judgment of the clerk is hereby affirmed with the modification that said sum of $3,800 be held by said clerk subject to the further orders of this court, and this cause is retained for further orders." The settlement of the

case on appeal having been delayed, *certiorari* was applied for in apt time, and ordered to bring up this judgment which had been entered in the supplementary proceedings.

H. L. Brothers and Henry E. Williams for plaintiffs.
Rose & Rose for defendant.

CLARK, C. J.   The judgment at September Term, 1921, was a final judgment, the debt being ascertained and foreclosure by sale being adjudged.   *Johnson v. Roberson,* 171 N. C., 194; *Davis v. Pierce,* 167 N. C., 135; *Williams v. McFadyen,* 145 N. C., 157.   In this last case, *Mr. Justice Hoke* said: "Such judgment is final as to the amount of indebtedness so adjudicated, and it is also final for purposes of appeal as to all debated and litigated questions between the parties preceding such decree."

The appeal not having been served in proper time, a *certiorari* in lieu thereof was applied for in apt time and granted upon cause shown. This necessarily brings up only the order in the supplementary proceedings, there being no exception taken to the judgment upon the indebtedness.   Indeed, the exceptions filed by the defendant abandon any appeal, if there had been any, from the judgment as to the indebtedness and excepts only to the order in the supplementary proceedings.

C. S., 663, provides: "Where a judgment requires the payment of money, it may be enforced in those respects by execution as provided in this article."   A long line of cases hold that, "The vendor has two remedies that he may adopt to collect his debt—one *in personam,* to compel the vendee to pay it—the other *in rem,* to subject the land to its payment, and he may prosecute both these remedies at the same time." *Allen v. Taylor,* 96 N. C., 37.

The judgment in this action decrees that plaintiff "recover judgment against the defendant W. E. McGill for the sum of $7,690, with interest from 5 January, 1921, and for the cost of this action."

It appeared that the defendant had no property liable to execution, and no equitable estate in lands within the lien of the judgment except the real property described in the complaint, and that this was insufficient in value to satisfy the judgment.   In *McKeithan v. Walker,* 66 N. C., 95, it was said:   "We see no reason why the proceedings given by section 266 may not be commenced before the sale of the property levied on, on an affidavit or other proof of its insufficient value, just as a subsequent levy may be made after a previous insufficient one; but clearly no final order can be made appropriating to the creditor any property discovered under this section, until the property previously levied on is exhausted, for until that is done it cannot be known whether

anything is still owing. Until the property levied on can be brought to sale by a proper proceeding, the property discovered by the garnishee may be levied upon as a security for the deficiency." This is exactly the proceeding pursued in this case. The clerk's order required the money to be paid into the court, to await the sale and confirmation as to the land upon which plaintiffs have a specific lien, as security.

The defendant's attorney, one of the commissioners, having reported to the court that $5,500, the price for which it had been sold, was a fair and reasonable one for said land, it was confirmed by the court, which sustained the finding of fact by the clerk that the land was of insufficient value to satisfy the judgment. A plaintiff who has a lien upon lands which he knows to be of insufficient value to satisfy his judgment is not required to stand helplessly by and see the defendant make way with a fund which could make good the deficiency in the value of the land while the statute of limitations was running against his judgment, as stated in *McCaskill v. McKinnon,* 121 N. C., 194. Both as a matter of law and of equity the execution and supplementary proceedings were properly had in this case.

The appellant's argument seems to be based upon the mistaken impression that the supplementary proceedings herein were brought under C. S., 711. In fact, they are authorized by C. S., 712 and 719, and under the construction placed thereon in *Bank v. Burns,* 109 N. C., 105, in which the headnote sustains the action herein taken: "An affidavit by a judgment creditor, his agent, or attorney, that an execution has been issued upon his judgment, though it has not been returned, and that defendant has not sufficient property 'subject to execution' to satisfy the judgment, but has property 'not exempted from execution' which he unjustly refuses to apply to its satisfaction, is sufficient to support an order for the examination of the debtor, and persons alleged to be indebted to him; and, also, an order forbidding the disposition, by the latter, of any effects belonging to the judgment debtor," distinguishing *Hinsdale v. Sinclair,* 83 N. C., 338.

The order of examination having been authorized by law as above stated, the order of condemnation made by the clerk was within the scope of C. S., 721, which provides: "The court may order any property, whether subject or not, to be sold under execution, in the hands of the judgment debtor or any other person to be applied towards the satisfaction of the judgment."

The defendant contends that the execution was never placed in the hands of the sheriff, but that contention is negatived by the affidavit of plaintiffs in support of the order of examination, which states that the execution was duly issued and at once delivered to the sheriff of the county of Cumberland, where the defendant then resided, and the clerk

found as a fact that execution had been issued upon said judgment. The lack of return of execution is not conclusive against such finding, for after its issuance it might have been handed to the party or to his agent. *McKeithan v. Blue,* 149 N. C., 95.

The defendant further contends that it might be that the defendant has other property out of which this execution could have been made, but this is negatived by the affidavit of plaintiffs in support of the order of examination, which is not denied, and there was no evidence produced that the defendant had other property. *Bank v. Burns,* 109 N. C., 105, in which the affidavit was to the same purport.

The order of the clerk, as modified by Lyon, J., must be

Affirmed.