THE FIRST & CITIZENS NATIONAL BANK OF ELIZABETH CITY v. R. L. HINTON.

(Filed 2 March, 1938.)

Execution § 24—Affidavit held sufficient to support order for examination of judgment debtor concerning choses in action subject to execution.

An affidavit stating that affiant had obtained judgment against defendant, which judgment was duly docketed and execution issued thereon, and that the judgment and execution remained unsatisfied, that defendant had no known interest in realty sufficient to satisfy execution, and that defend-

BANK *v.* HINTON.

ant listed for taxation certain notes and evidences of debt due him, and had other choses in action of value, not exempt from execution, which he unjustly refused to apply to the satisfaction of the judgment, *is held* in substantial compliance with C. S., 712, and sufficient to support an order for the examination of defendant and others concerning such notes and choses in action.

APPEAL by defendant from *Frizzelle, J.,* at October Term, 1937, of PASQUOTANK. Affirmed.

This was a proceeding supplemental to execution, instituted by a judgment creditor, based upon affidavit, to require the examination of the judgment debtor and other persons concerning certain debts and choses in action alleged to be subject to execution.

Upon appeal from an order of the clerk the judge of the Superior Court ruled that the affidavit was sufficient to entitle the plaintiff to examine the parties, and remanded the cause of the clerk to conduct such examination. From the order of the judge the defendant appealed to the Supreme Court.

*J. Kenyon Wilson for plaintiff, appellee.*
*Q. C. Davis, Jr., and George J. Spence for defendant, appellant.*

DEVIN, J. The only question presented by this appeal is whether the affidavit was sufficient to warrant the order for the examination of the judgment debtor and the persons alleged to be indebted to him.

It was set forth in the affidavit that the plaintiff had recovered a judgment against the defendant and had same duly docketed in the Superior Court of Pasquotank County; that execution thereon had been issued; that the judgment and execution remained unpaid and unsatisfied, and that there was no known property or equitable interest in real property sufficient to satisfy the execution; that the defendant listed for taxation notes due by certain persons and other evidences of debt, of which the defendant was still the owner, and that the defendant had other choses in action and things of value, not exempt from execution, which he unjustly refused to apply toward the satisfaction of said judgment.

The affidavit was in substantial compliance with the provisions of sec. 712 of the Consolidated Statutes, and constituted sufficient basis for the order of examination as entered by the judge of the Superior Court. *Bank v. Burns,* 109 N. C., 105, 13 S. E., 871; *Boseman v. McGill,* 184 N. C., 215, 114 S. E., 10; McIntosh Prac. and Proc., sec. 748.

The order of the court below is in all respects
Affirmed.